46 N.J. Super. 495 (1957)
134 A.2d 830
MAURO PISTORIA, ANN PISTORIA, GRACE PISTORIA, BY HER GUARDIAN AD LITEM, MAURO PISTORIA, AND JOSEPH PISTORIA, BY HIS GUARDIAN AD LITEM, MAURO PISTORIA, PLAINTIFFS,
v.
MICHAEL BUCKOWSKI, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 27, 1957.
*496 Mr. John E. Hughes argued the matter for the plaintiffs (Mr. Alexander Permison, attorney).
Mr. William O. Barnes argued the matter for the Unsatisfied Claim and Judgment Fund Board.
FOLEY, J.C.C. (temporarily assigned).
The plaintiffs, having recovered judgments in excess of sums to which they are entitled under the "Unsatisfied Claim and Judgment Fund Law," N.J.S.A. 39:6-61 et seq., present an order directing payment from the Fund of the appropriate avails.
The sole question for determination is whether interest should be computed upon the respective judgments recovered in the civil actions or whether it should be based upon the amounts recoverable from the Fund, in total $10,000.
The plaintiffs contend that the fact that the act provides for the payment of $10,000 exclusive of interest and costs, without definition of the interest base, denotes a legislative intention that interest on the whole should be paid. Further, it is contended that such intention is signified by the requirement that the judgment creditors are required to assign the entire judgment to the Director of the Fund who then, of course, receives the benefit of accumulated interest. Neither argument appeals to me. It seems more likely to me that when interest was mentioned in connection with the sum payable, it was intended that the Fund should be charged with the benefit of the use of the money to which the plaintiffs became entitled to payment. With respect to the assignment of the judgment with accumulated interest, no detriment is suffered by the judgment creditors since, if collection is effected, they receive from the Director all sums over and above the amounts paid pursuant to the act.
*497 The scheme of the act is to provide standard benefits which bear no relation to the excess of the judgments over the sums payable. Thus, one who recovers a $5,000 judgment receives the same amount as one who obtains a recovery of $100,000. Since the Legislature made no distinction in the amount to be paid regardless of the size of judgment, it is to be presumed that the same equality was intended to be reflected in the base used for computation of interest. To provide otherwise would be to destroy the primary objective of equal benefits by the happenstance of the amount of the judgments, it being readily conceivable that a recovery might be so large that the interest would be greater than the base benefits.
Accordingly, interest will be computed on the sum of $10,000.