61 N.J. Super. 516 (1960)
161 A.2d 324
ELIZABETH LINDSAY, PLAINTIFF,
v.
EARL BOLES, IMPLEADED WITH OTHERS, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Law Division.
Decided May 19, 1960.
*517 Mr. Joseph J. Cappa, attorney for the plaintiff.
Mr. David D. Furman, Attorney General of New Jersey, attorney for the Unsatisfied Claim & Judgment Fund Board (Mr. Theodore I. Botter, Deputy Attorney General, of counsel).
Mr. Charles J. Kahwaty, assigned counsel on behalf of Unsatisfied Claim & Judgment Fund.
KOLOVSKY, A.J.S.C.
Some six months after plaintiff had recovered a judgment for $4,000 and $84.25 costs against defendant Boles, the operator of an uninsured motor vehicle, for injuries sustained in an automobile accident, she filed an application to compel the Unsatisfied Claim and Judgment *518 Fund (hereinafter called the "Fund"), see N.J.S.A. 39:6-61 et seq., to pay the amount of the judgment as well as six months' interest which had accrued thereon.
Much of the period which elapsed between the entry of the judgment and the filing of the application for an order for payment was spent in plaintiff's unsuccessful attempt to obtain a new trial both as against Boles and as against an insured co-defendant in whose favor the trial jury had found a verdict of no cause for action.
No question is raised as to the plaintiff's right to payment of the principal amount of the judgment and costs. On the contrary, an order has been entered by consent of the parties providing for payment of the principal without prejudice to the asserted claim for interest.
The issue presented for the court's determination is the right of the plaintiff to compel the Fund to pay interest accrued on the judgment between the date it was entered and the date application was made to the court for an order compelling the Fund to pay the judgment.
It is, of course, true that as between a judgment-creditor and a judgment-debtor the former is entitled to collect from his judgment-debtor not only the principal amount of the judgment but also interest thereon until the judgment is paid; this on the theory which was developed in the New Jersey practice that interest is "an increase of damages for the detention of the debt." Cox v. Marlatt, 36 N.J.L. 389 (Sup. Ct. 1873); Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232 (Sup. Ct. 1939); Erie Railway Co. v. Ackerson, 33 N.J.L. 33 (Sup. Ct. 1868).
It is likewise true that the usual automobile liability insurance policy which requires the insurance company to pay a judgment recovered against its insured requires it to pay not only the principal amount of the judgment, but also interest thereon until the judgment is paid.
But the Fund was not intended to be nor is it a liability insurance company for the uninsured driver, nor is the Unsatisfied Claim and Judgment Fund Law (hereinafter *519 called the "Fund Law") a substitute for an automobile liability policy.
"The primary object of the [Fund Law] is to provide a measure of relief for persons who sustain losses or injury inflicted by financially irresponsible or unidentified owners or operators of motor vehicles, where such persons would otherwise be remediless." Corrigan v. Gassert, 27 N.J. 227, 233 (1958).
"* * * There is no absolute indemnity provided for, * * * the statute does not reflect an intention to make every claimant completely whole, but rather to provide some measure of relief * * *." Dixon v. Gassert, 26 N.J. 1, 8 (1958).
For that purpose, the Fund Law provided for the creation of a fund partly by charging extra fees to those registering uninsured motor vehicles and partly by levying an assessment against liability insurance companies doing business in this State. N.J.S.A. 39:6-63. The fund is held in trust by the State Treasurer for the carrying out of the purpose of the Fund Law and the costs of its administration, N.J.S.A. 39:6-88, and is administered by the Unsatisfied Claim and Judgment Fund Board (hereinafter called the "Board"), consisting of the Director of Motor Vehicles, the Commissioner of Banking and Insurance, and four representatives of insurers. N.J.S.A. 39:6-64.
The Fund Law sets up in detail the circumstances, conditions and procedures under which, and the extent to which, a person who has recovered a judgment against an uninsured motorist may resort to the Fund for "some measure of relief."
Among other things, it requires the prospective claimant to give notice to the Board within 90 days after the accident, except in specified unusual circumstances, N.J.S.A. 39:6-65; this so that the Board may have an early opportunity to investigate accidents with which it may be concerned. Schlenger v. Conti, 47 N.J. Super. 566 (App. Div. 1957); Russo v. Forrest, 52 N.J. Super. 233 (App. Div. 1958); Giacobbe v. Gassert, 29 N.J. 421 (1959).
Provision is also made for assignment of the claim to an insurer for investigation and defense, N.J.S.A. 39:6-66, *520 67, 68, and also permits the Board, as it did in the instant case, to rely on defendant's personal counsel to defend the action. Myers v. Cave, 55 N.J. Super. 185 (App. Div. 1959).
While the Fund Law provides that application for payment of the judgment out of the Fund may not be filed until after "the termination of all proceedings, including reviews and appeals in connection with such judgment," N.J.S.A. 39:6-69, the act contains no limitation as to the time thereafter within which such application must be made.
The issue presented by the present application is one of statutory construction  does the Fund Law obligate the Fund to pay the judgment-creditor not only the amount of the judgment and costs which she has recovered, but also interest accrued thereon during the period from the date judgment was entered until the date the judgment-creditor submits a verified claim seeking an order requiring payment out of the Fund?
In my opinion, no such obligation is imposed on the Fund.
The precise issue presented has not been judicially determined. In the only reported case involving the question of interest, the parties assumed that interest was payable; the only issue litigated being whether interest was to be computed on the $10,000 maximum payable by the Fund or on the amount of the judgments which exceeded $10,000. The court held that interest was to be computed on the statutory maximum of $10,000. See Pistoria v. Buckowski, 46 N.J. Super. 495 (Law Div. 1957).
Further, although as an aid to statutory construction resort may be had to contemporaneous and practical construction by the administrative agency involved, Lloyd v. Vermeulen, 22 N.J. 200, 210 (1956); Schierstead v. City of Brigantine, 29 N.J. 220 (1959), that principle is of no aid in the instant case since it is conceded that there has not been any uniform administrative usage or construction. In many, if not in most, cases plaintiffs have not sought, nor have *521 they received, interest. In some cases, claims for interest for a short period of time have been recognized. Because of this lack of uniformity in the administrative handling of the problem, the Attorney General seeks a judicial determination of the issue.
As Mr. Justice Heher said in Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956):
"[A] statute is to receive a reasonable construction, to serve the apparent legislative purpose. The inquiry in the final analysis is the true intention of the law; and, in the quest for the intention, the letter gives way to the rationale of the expression. The words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms. The particular words are to be made responsive to the essential principle of the law. * * * The will of the lawgiver is to be found, not by a mechanical use of particular words and phrases, according to their actual denotation, but by the exercise of reason and judgment in assessing the expression as a composite whole. The indubitable reason of the legislative terms in the aggregate is not to be sacrificed to scholastic strictness of definition or concept. Wright v. Vogt, 7 N.J. 1 (1951). It is not the meaning of isolated words, but the internal sense of the law, the spirit of the correlated symbols of expression, that we seek in the exposition of a statute. The intention emerges from the principle and policy of the act rather than the literal sense of particular terms, standing alone. Caputo v. Best Foods, Inc., 17 N.J. 259 (1955)."
The only reference to "interest" in the act is to be found in the sections setting out the maximum amounts which the Fund may be required to pay, "$10,000.00, exclusive of interest and costs, on account of injury to, or death of, 1 person"; "$20,000.00, exclusive of interest and costs, on account of injury to, or death of, more than 1 person in any 1 accident"; "$5,000.00, exclusive of interest and costs, for damage to property in any 1 accident," N.J.S.A. 39:6-69, 73, and in N.J.S.A. 39:6-87 requiring the judgment-debtor who seeks to regain his driver's license to repay the State Treasurer the amount paid by the State Treasurer out of the Fund, together with interest thereon at 4% per annum from the date of such payment.
*522 The fact that the Fund may pay $10,000, exclusive of interest and costs, is a legislative recognition of the fact that the Fund may be required to pay interest in addition to the $10,000 maximum or the other applicable maximums, as the case may be. But the question remains, from what date is such interest payable  from the date the judgment for damages is entered, or from the date specified for payment in the order directing payment out of the Fund?
That interest is payable only from the date specified for payment in the order directing the State Treasurer to make payment out of the Fund finds support in the general rule applicable to interest payments by governmental agencies, which the Fund is. Even where there has been an improper withholding of funds by a governmental agency, interest is payable by the agency only when a statute imposes that obligation. Consolidated Police & Firemen's Pension Fund Commission v. City of Passaic, 23 N.J. 645 (1957); Brophy v. Prudential Ins. Co., 271 N.Y. 644, 3 N.E.2d 464 (Ct. App. 1936). See also Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947).
In Consolidated Police & Firemen's Pension Fund Commission v. City of Passaic, supra, Mr. Justice Heher said at page 654 of 23 N.J.:
"It has been held that interest is payable as damages for the improper withholding of funds by a governmental agency only when provided for by statute. Brophy v. Prudential Insurance Co. of America, 271 N.Y. 644, 3 N.E.2d 464 (Ct. App. 1936). But a legislative purpose to allow interest on a particular obligation, either absolutely or in the exercise of a sound discretion, may be found in the nature of the burden imposed and the relative equities between the beneficiaries and those upon whom the obligation has been laid; and in the federal jurisdiction these relative equities are generally weighed `in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained.' Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). * * *"
*523 Moreover, there has been no improper withholding of moneys by the Fund. The Fund Law authorizes the Fund to pay a judgment-plaintiff only after the uninsured defendant has refused or failed to pay the judgment and all efforts of collection have been exhausted by the claimant. The statute imposes conditions precedent that must be satisfied before the liability of the Fund attaches.
The applicant is required to show, unless the court dispenses with one or more of such requirements, that (a) the injury is not compensable under the Workmen's Compensation Law; (b) he is not a spouse, parent or child of the judgment-debtor; (c) he is not a guest occupant of the automobile owned or driven by the judgment-debtor; (d) he was not at the time of the accident operating or riding in an uninsured vehicle owned by him or his spouse, parent or child, or operating a vehicle in violation of an order of suspension or revocation; (e) he gave the Board the notice of claim as required by N.J.S.A. 39:6-65; (f) that the judgment-debtor was not insured; (g) that he has obtained a judgment, stating the amount thereof and amount owing; (h) he has caused execution to be issued on the judgment and that the execution has been returned unsatisfied, either in whole or in part; if in part, "the balance remaining due on the judgment"; (i) he has caused the judgment-debtor to make discovery under oath as to his assets and insurance coverage; (j) he has made all reasonable searches and inquiries as to the judgment-debtor's assets; (k) he has discovered no assets, or insufficient assets, to satisfy the judgment; (l) that the application is not directly or indirectly made on behalf of an insurer; and (m) whether or not he has recovered a judgment against any other person in respect to such injuries and the amounts received on the judgment or by way of settlement. N.J.S.A. 39:6-70. It is obvious that performance of these conditions will take time. Yet no time limit for proceeding against the Fund is fixed by the statute, and no control over such time is given to the Fund.
*524 Only after these requirements are proven by the applicant to the satisfaction of the court does the Fund's obligation to pay come into existence for the first time, this by reason of the order that the court will then enter directing the State Treasurer to make payment.
The basic statutory purpose, as well as the factors just mentioned, militate against plaintiff's claim that the Fund is required to pay not only the judgment but also interest thereon from the time of entry of the judgment until the filing of the application for an order requiring the Fund to pay.
As Mr. Justice Heher said in Consolidated Police & Firemen's Pension Fund Commission v. City of Passaic, 23 N.J. 645, at page 652 (1957):
"* * * `Interest' is an `exaction for past due obligations and in essence is a penalty or in the nature of a penalty.' * * * Interest does not inhere in a tax as a legal incident. * * * `Interest when allowed is in contemplation of law, damages for the illegal detention of a legitimate claim or indebtedness.' * * * It is the `computation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention, * * *.' * * * In equity, interest has been allowed `either by way of damages for the detention of a fund, or by way of profit earned or advantage attained.' * * * Chancery considers the equities of the case. * * *."
The Fund Law does not manifest a legislative intent, nor does any justification exist in principle to award the interest claimed; and this whether interest be considered as damages for detention of a debt or as compensation for the use of money.
There was no detention of a debt, for the Fund's obligation to pay did not come into being until the order for payment was entered. Such delay as there was between the entry of the judgment for damages and the entry of the order for payment was but part of the necessary delay incident to compliance with the statutory scheme; this altogether apart from the fact that plaintiff herself has a *525 substantial measure of control as to the period which will elapse before she applies for an order for payment.
Nor was any part of the moneys in the State Treasurer's hands plaintiff's moneys so as to entitle her to compensation for the use thereof. On the contrary, these were trust funds accumulated pursuant to the statute to provide some measure of relief to all those who can qualify for such relief and who have recovered judgments against uninsured motorists.
That the plaintiff must assign her judgment to the Director of the Division of Motor Vehicles before she receives payment (N.J.S.A. 39:6-77) is of no moment; plaintiff retains, as against the judgment-defendant, the benefit of the unpaid portion of the principal and interest due on the judgment. By the express provisions of N.J.S.A. 39:6-77,
"* * * if more money is collected upon any such judgment than the amount paid out of the fund, the director shall pay the balance, after reimbursing the fund, to the judgment creditor."
An order may be presented disallowing the claim for interest.