119 N.J. Super. 151 (1972)
290 A.2d 459
JOHN T. LYNCH AND JEAN LYNCH, HIS WIFE, PLAINTIFFS,
v.
RONALD M. HEYMANN, DIRECTOR OF MOTOR VEHICLES, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 26, 1972.
*152 Mr. Edwin J. McCreedy for plaintiffs (Messrs. Conant, Halberstadter & McGuire, attorneys).
*153 Mr. Augustus S. Dreier for defendant.
McGRATH, J.D.C. (temporarily assigned).
This matter comes before the court on a motion to settle the form of judgment. Plaintiff John Lynch sued the Unsatisfied Claim and Judgment Fund for injuries to him resulting from an accident caused by a hit-and-run driver. A jury awarded him $5,000 on February 10, 1972. Plaintiff submitted an order allowing the judgment of $5,000 and added interest of 6% from July 14, 1970, the date of institution of the suit to the date of the jury verdict, citing R. 4:42-11(b). Defendant objects to the award of interest under the rule, citing Lindsay v. Boles, 61 N.J. Super. 516 (Law Div. 1960), as authority for immunity of a governmental agency from the scope of the rule.
The New Jersey Supreme Court, pursuant to the State Constitution, has promulgated and changed from time to time rules for the administration and the practice and procedure in all courts of this State. N.J. Const. Art. VI, § II par. 3. On December 21, 1971 the Supreme Court accordingly added to its rules to provide in R. 4:42-11(b) as follows:
Tort Actions. In tort actions, including products liability actions, the court shall include in the judgment interest at 6% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date of the tort, whichever is later. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.
This rule became effective January 31, 1972. Absent immunity by defendant, therefore, this rule would apply to the judgment in this case.
It must be noted that nowhere under the provision of the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-61 et seq.) is there any provision for the allowance of such interest as is sought here. In Lindsay v. Boles, supra, it was held that the statute did not obligate the Fund *154 created thereunder to pay an unsatisfied judgment creditor interest on the amount of the judgment recovered in an action arising out of an automobile accident, which interest accrued during the period from the date of the judgment to the date when the judgment creditor submitted a verified claim requesting payment out of the Fund. The court in that case reflected upon the limitations placed by the Legislature on the availability of the funds when it stated that "the primary object of the [Fund Law] is to provide a measure of relief for persons who sustain losses or injuries inflicted by financially irresponsible or unidentified owners or operators of motor vehicles, where such persons would otherwise be remediless," quoting Corrigan v. Gassert, 27 N.J. 227, 233 (1958), and again, "There is no absolute indemnity provided for, * * * the statute does not reflect an intention to make every claimant completely whole, but rather to provide some measure of relief," quoting Dixon v. Gassert, 26 N.J. 1, 8 (1958). 61 N.J. Super. at 519. The provisions of the act clearly demonstrate the limitations within which the Fund becomes available. The Fund law sets up in detail the circumstances, conditions and provisions under which and the extent to which a person who has recovered a judgment may resort to the Fund for "some measure of relief."
Under the law the Fund was not intended to be, nor is it, a liability insurance company for noninsured drivers. The Fund, when it is the defendant, is not the ordinary defendant and has not been treated as an ordinary judgment creditor. Lindsay v. Boles, supra. Defendant, rather, is a trustee administering monies which were paid to and are held by the State Treasurer in trust for the carrying out of the purpose of the Fund law itself and the costs of its administration. N.J.S.A. 39:6-88.
Historically, interest, when allowed, is in contemplation of law damages for the illegal detention of a legitimate claim or indebtedness. Fidelity Mutual Life Ins. Co. v. Wilkes-Barre & Hazelton R.R. Co., 98 N.J.L. 507 *155 (E. & A. 1923). The general rule is that interest is payable as damages for the improper withholding of funds by a governmental agency only when provided for by statute. Consolidated Police and Firemen's Pension Fund Comm'n v. Passaic, 23 N.J. 645, 654 (1957), citing Brophy v. Prudential Ins. Co. of America, 271 N.Y. 644, 3 N.E.2d 464 (Ct. App. 1936).
While the rule-making authority of the Supreme Court is clear under the Constitution, supra, I find no authority for extending R. 4:42-11(b) to apply to funds held under a statutory trust. It was the Legislature's intent that only such monies be paid by the State Treasurer as are permitted by the terms of the fund statutes themselves.
The form of judgment which may be submitted shall provide for a judgment in the sum of $5,000, together with costs to be taxed but without any interest.