121 N.J. Super. 331 (1972)
297 A.2d 15
CATHERINE BELLINO, FRANK BELLINO AND LOUISE FREEMAN, PLAINTIFFS,
v.
JUNE D. STRELECKI, DIRECTOR OF MOTOR VEHICLES OF NEW JERSEY, AND ANTHONY ANZALONE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 23, 1972.
*332 Mr. Francis Sorin, attorney for plaintiffs.
Mr. Irwin L. Facher for defendants (Messrs. Zucker, Lowenstein, Gurny and Zucker, attorneys).
BILDER, J.S.C.
The issue raised here is whether R. 4:42-11(b), providing for interest on tort judgments, applies to the Unsatisfied Claim and Judgment Fund.
The subject rule is mandatory in nature and provides in tort actions that the court shall include in the judgment interest at 6% a year from the date of the institution of the suit or six months after the accident, whichever is later. The rule is mandatory in its terms and is part of a continuing effort by our Supreme Court to ameliorate the court congestion.
The instant case grows out of an automobile accident which occurred on January 18, 1969. While stopped in traffic for a red light, plaintiffs' automobile was struck from behind. Neither of the plaintiffs, the driver and her passenger, had any warning of the accident before the impact, and by the time they recovered from the initial shock the motor vehicle which had struck them had left. Neither could identify or describe in any way the vehicle which struck them.
*333 The police report made by the investigating officer listed a second vehicle involved as a tan-colored Oldsmobile, bearing New Jersey License No. IVH-117. Out of an abundance of caution, plaintiffs' attorney joined the owner of the vehicle registered under New Jersey License No. IVH-117, together with the Director of Motor Vehicles with respect to each claim. This, as it turned out, was prudent because defendant Anzalone was uninsured. Under the circumstances, therefore, the real party in interest was the same, i.e., the Fund. For reasons of its own, the Fund did not cause any appearance to be made on behalf of Anzalone and a default was entered.
When the case came on for trial it was bifurcated and tried without a jury as to liability only. In that nonjury case it was found that there was an unknown and unidentified car and that the driver of the unknown and unidentified car negligently and proximately caused the accident. Thereby the liability of the defendant Director of Motor Vehicles was established and an order of dismissal was entered with respect to Anzalone.
Thereafter, the matter of damages was tried before a jury, which returned judgments for the driver and for the passenger in the sum of $1,500 each. Thereupon, the court entered judgments for each in the sum of $1,500, together with interest at 6% from July 30, 1969. That date was chosen because the complaint was filed on July 30, 1969, some short time after six months following the accident.
This matter comes before the court on a motion by the Director of Motor Vehicles to delete so much of the judgment as awards interest pursuant to R. 4:42-11(b). More specifically, it is the defendant's contention that the subject rule does not apply to the Fund. Basic to his position is his contention that the statutory provisions with respect to the Unsatisfied Claim and Judgment Fund, N.J.S.A. 39:6-61 et seq., make no provision for the allowance of such interest. As authority for that position he relies upon Lynch v. Heymann, 119 N.J. Super. 151 (Law Div. 1972).
*334 The court in Lynch followed an opinion by Judge Kolovsky in which he held that interest on a judgment against the Fund would run from the date of the order requiring the Fund to pay rather than from the date of the judgment against the uninsured driver. Lindsay v. Boles, 61 N.J. Super. 516 (Law Div. 1960). Judge Kolovsky's opinion in that case was a very well reasoned and persuasive one with respect to the issue there presented. He was not dealing with the evil with which we are herein concerned; i.e., the calendar congestion which could be ameliorated by the prompt settlement of cases.
The very question which is before this court has been decided by our Supreme Court. In Crudup v. Marrero, 57 N.J. 353 (1971), it was held that R. 4:58-1 et seq., the "Offer of Judgment" rule, applies to the Unsatisfied Claim and Judgment Fund and that it was error for the Law Division to deny plaintiff's request that the Fund be required to pay reasonable counsel fees and interest on the judgment. All the arguments made by the Fund with respect to R. 4:42-11(b) are more than adequately covered by the Supreme Court in that opinion and it would be pedantic for this court to repeat what has already been so ably set forth there. The arguments made by the Fund are essentially those set forth in the dissent and rejected by the majority. It might indeed be noted that the precedent relied on in Lynch was similarly cited in the dissent in Crudup, supra at 366.