JOSEPH ALOTTO, PLAINTIFF-APPELLANT AND CROSS-RE-SPONDENT, v. ISIAH T. McCLARY, DEFENDANT. UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 12, 1977—Decided October 27, 1977.

Before Judges LORA, SEIDMAN and MILMED.

*Messrs. Maressa, Daidone & Wade,* attorneys for appellant and cross-respondent (*Mr. Ronald W. Sahli* on the brief).

*Messrs. Casby, Garrigle & Chierici,* attorneys for respondent and cross-appellant Unsatisfied Claims and Judgment Fund Board.

PER CURIAM. The dispute on this appeal is over the obligation of the Unsatisfied Claim and Judgment Fund Board

to pay pre-judgment interest on a judgment entered against an uninsured defendant in 1970, where the order directing the State Treasurer to make payment from the Fund was obtained in May 1972. At issue is the applicability of *R.* 4:42–11, effective January 31, 1972, which generally requires the court, in tort actions, to include in the judgment interest at the specified rate per annum on the amount of the award from the date of the institution of the action or from a date six months after the date of the tort, whichever is later.

Plaintiff concedes that the rule is not applicable to a judgment entered prior to its effective date. See *Weiman v. Ippolito*, 129 *N. J. Super.* 578, 587 (App. Div. 1974); *McKee v. Harris-Seybold Co.*, 118 *N. J. Super.* 480, 481 (App. Div. 1972); *Riley v. Savary*, 120 *N. J. Super.* 331, 335 (Law Div. 1972). His theory, however, is that the order directing payment from the Fund constituted a final judgment which, having been entered after the rule became effective was subject to the assessment of pre-judgment interest. We disagree.

As the result of a two-car collision which occurred in August 1965, plaintiff instituted an action for damages against defendant McClary. Thereafter, but within 90 days after the accident, he filed with the Unsatisfied Claim and Judgment Fund Board a notice of his intention to make claim for damages if otherwise uncollectible (*N. J. S. A.* 39:6–65). The Board advised plaintiff that he was considered ineligible because of the existence of liability insurance covering defendant. The latter was offered a defense by the carrier, but after a $10,000 judgment was awarded plaintiff on April 29, 1970, following a trial, the carrier refused to pay it.

Proceedings were then instituted to collect the judgment. A suit was filed against the carrier, which did not defend, and a $10,000 default judgment was entered against it. Plaintiff then sought enforcement of the judgment in a proceeding instituted in the United States District Court. On February 3, 1972, during the pendency of this litigation,

plaintiff's counsel notified the Board that the insurer might have a valid defense and suggested that the Board might wish to intervene to protect its interests. The Board moved to intervene, but the motion was denied because prior thereto the action had been dismissed on the ground of a release executed by McClary in 1965 relieving the carrier of liability. The Court of Appeals for the Third Circuit affirmed.

In the meantime, plaintiff herein applied for and, on May 26, 1972, obtained an order directing payment of the $10,000 judgment out of the Fund. Payment was made on October 3, 1973.

In December 1975 (the delay is not explained in the record), plaintiff moved for an award of both pre- and post-judgment interest in the amount of $5632.59. An order was subsequently entered awarding the interest requested. The board then moved to set aside the order. Following a hearing an amended order was entered on June 11, 1976 directing the Board to pay interest only from February 3, 1972 to October 3, 1973. Plaintiff appealed from this order and the Board cross-appealed.

■ Plaintiff's concept that the order for payment here was a judgment on which pre-judgment interest should attach is unsupported by statutory or decisional authority. His reliance on *Boyd v. Marini,* 132 *N. J. Super.* 324, 329 (App. Div. 1975), is misplaced, for the holding there that the pre-judgment interest rule was applicable against the Fund related to the assessment of interest on a judgment entered *after* the effective date of the rule, and not to an order to pay from the Fund. The order to pay a judgment previously entered, provided the applicant satisfies the statutory requirements (see *N. J. S. A.* 39:6–69 and 70), is a direction to the State Treasurer "requiring him to make payment from the fund of such sum, if any, as it shall find to be payable upon said claim * * *." *N. J. S. A.* 39:6–71. It is not a judgment entered upon an adjudication of liability for the tort.

 Any doubt in this regard is readily dissipated by a reading of *R.* 4:42–11(b). The rule provides that *the court, in tort actions, shall include in the judgment* interest on the amount of the award. This clearly contemplates that upon the return of a verdict awarding damages at the conclusion of the trial of a tort action, the trial judge calculates pre-judgment interest and includes it in the final judgment. *Cf. Ford v. Garvin,* 127 *N. J. Super.* 391, 392 (App. Div. 1974), certif. den. 65 *N. J.* 566 (1974). The application for payment from the fund is a *post-judgment* proceeding.

 We are satisfied that plaintiff was not entitled to pre-judgment interest in this case. We discern no merit in the remaining arguments contained in his brief.

 As indicated earlier, the amended order allowed post-judgment interest from February 3, 1972, the date on which plaintiff suggested intervention to the Board, to October 3, 1973, when the judgment was paid. Apparently, it was the concept of the trial judge that the Board was "exposed once the date was fixed that the safeguard litigation was against this particular Plaintiff and that you were going to be in the case and you had an exposure just like any other carrier." We believe that he erred in this respect. In a well-reasoned opinion in *Lindsay v. Boles,* 61 *N. J. Super.* 516 (Cty. Ct. 1960), Judge Kolovsky held that interest on a judgment runs only from the date of the order directing the State Treasurer to make payment out of the Fund. He reasoned that since the statute authorized the Fund to pay a judgment only after the applicant had established his entitlement to payment by satisfying the relevant requirements of *N. J. S. A.* 39:6–69, the Fund's obligation to pay did not come into existence until that was done, "this by reason of the order that the court will then enter directing the State Treasurer to make payment." 61 *N. J. Super.* at 524. Consequently, he concluded, there was no detention of a debt, but merely "part of the necessity delay incident to com-

pliance with the statutory scheme * * *." *Id.* We are substantially in accord with the result reached by Judge Kolovsky. Plaintiff cites no authority to the contrary with respect to post-judgment interest in such cases. We perceive no valid basis for the trial judge's selection of the February 1972 date for the commencement of interest on the judgment.

Accordingly, the order of June 11, 1976, must be modified so as to award plaintiff interest only from May 26, 1972 to October 3, 1973, at such rate or rates as the rule prescribed during that period. This matter is remanded solely for the recalculation of such interest and the entry of a corrected order. We do not retain jurisdiction.