154 N.J. Super. 182 (1977)
381 A.2d 62
ROSEMARY M. KARL, PLAINTIFF-RESPONDENT,
v.
NEW YORK LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1977.
Decided November 18, 1977.
*184 Before Judges LORA, SEIDMAN and MILMED.
Mr. Eugene M. Haring argued the cause for appellant (Messrs. McCarter and English, attorneys; Mr. Joseph E. Irenas and Mr. Richard D. Quay on the brief).
Mr. Myron J. Bromberg argued the cause for respondent (Messrs. Porzio and Bromberg, P.C. attorneys; Ms. Anita Hotchkiss on the brief).
The opinion of the court was delivered by LORA, P.J.A.D.
Defendant appeals from a judgment of the Law Division awarding plaintiff accidental death benefits together with counsel fees following a nonjury trial of an action by plaintiff to recover under the accidental death benefit provisions of two life insurance policies issued by defendant and insuring the life of plaintiff's deceased husband. The underlying facts are fully set forth in the opinion of the Law Division reported at 139 N.J. Super. 318 (1976).
The trial judge held that provisions in one of the said policies that death must occur within 90 days and in the other policy within 120 days of the accident for accidental death benefits to be payable, should not be read literally but as requiring clear and convincing proof of the cause of death whenever the time limitation is exceeded. He further held that under the facts of this case the cause of death was clear and without any real doubt that Karl died of the injuries he received when he was assaulted, and hence the time limitations did not bar recovery under the double indemnity provisions. *185 The record shows Karl suffered severe brain and skull injuries on January 6, 1969 and died on December 6, 1969 as a result of the head injuries, without achieving full consciousness or normal intellectual functioning. The death certificate listed the cause of death as intercranial pressure due to subdural hematoma and trauma.
The parties agree, and the trial judge found, that there is no ambiguity in the provisions and when read in a literal and straightforward way, the policies exclude recovery in this case. Accordingly, defendant contends the contract provisions being clear and unambiguous and not violative of any public policy of New Jersey, should be enforced as written. Plaintiff counters that enforcement of the time limitations would be arbitrary and unreasonable, that such limitations should be declared void as contrary to public policy, and that the decision of the trial court was based upon recognized concepts of public policy, logic, and experience, and should be affirmed.
In view of the trial judge's limited holding in this case, we are not called upon to decide whether such time limitations are void against public policy, in all cases. Preliminarily, we note that life insurance policies are necessarily subject to the limitation that they not violate public policy, and courts are reluctant to enforce the exercise of freedom of contract where the exercise of that freedom tends to result in injury to persons beyond the immediate parties. Jorgenson v. Metropolitan Life Ins. Co., 136 N.J.L. 148, 153 (Sup. Ct. 1947). It has long been recognized that insurance policies and binders are not ordinary contracts but rather are "contracts of adhesion" between parties not equally situated. Allen v. Metropolitan Life Ins. Co., 44 N.J. 294, 305 (1965). Since the form of the agreement and the language used are prepared by the insurer in advance and the coverage generally must be purchased by the insured in that form without change, it is unrealistic to talk about the mutual intention of the parties. Instead, we must look at policies from what we conceive to be the reasonable expectations *186 of the average purchaser in the light of the contract language. Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511, 524-525 (1963).
As stated in Kievit v. Loyal Protec. Life Ins. Co., 34 N.J. 475 (1961):
When members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded "to the full extent that any fair interpretation will allow." Francis, J., in Danek v. Hommer, 28 N.J. Super. 68, 76 (App. Div. 1953), affirmed 15 N.J. 573 (1954). [Citations omitted.]

* * * * * * * *
Where particular provisions, if read literally, would largely nullify the insurance, they will be severely restricted so as to enable fair fulfillment of the stated policy objective. [at 482-483]
In this case the accidental death benefit provision was intended to provide an additional amount (the double indemnity benefit) equal to the face amount of the policy upon receipt of due proof that the insured's death resulted directly, and independently of all other causes, from accidental bodily injury. The broad purpose and function of the time limitations therein was, as the trial judge found, to protect the company from having to pay where it was doubtful that the death was caused by the accident. Karl, 139 N.J. Super. at 327. Here, there is no dispute that the accident caused decedent's death, and hence recovery by plaintiff can not realistically frustrate the purpose of the time limitation. We are of the view that the trial judge properly concluded that in a case such as the present one where the cause of death is clear, the enforcement of a 90-day or 120-day time limitation would be arbitrary and unreasonable, Karl, 139 N.J. Super. at 326, and that such conclusion is in keeping with the philosophy of Kievit v. Loyal Protect. Life Ins. Co., supra.
Defendant further contends that the trial judge erred in awarding a counsel fee to plaintiff since R. 4:42-9(a) (6) *187 permits such an award in favor of a successful claimant only in an action upon a liability or indemnity policy of insurance.
The trial judge, although mindful that a life policy is neither liability nor indemnity insurance, nevertheless awarded a counsel fee on the grounds that "the language employed in this rule is not adequate for the purpose that the drafters * * * had in mind * * * to give the insured the full benefit of his policy of insurance when a court decides that he is covered under it," i.e., "the benefit of the policy of insurance without having to sue for the coverage." He went on to say that what the Supreme Court had in mind was to make "this counsel fee benefit * * * available to all persons who have a dispute with their insurance company and end up triumphant except where the person has himself caused the litigation by his own bad faith or improper conduct."
Plaintiff argues that the rule should be liberally construed to include the award of counsel fees in actions upon life insurance policies, and, in the alternative, contends that even if the rule does not apply to life insurance, the double indemnity provision is a separate contract within the comprehension of the "indemnity" section of the rule.
A "double indemnity" provision of a life insurance policy does not constitute such insurance liability or indemnity insurance. Not only is such provision part of the overall policy, but the provision is simply a contractual one to pay a certain sum of money in the event of accidental death. It does not reimburse for an "actual money loss." Bernstein v. Palmer Chev. etc., Inc. v. Rex Sales Co., Inc., 86 N.J. Super. 117, 122 (App. Div. 1965); Campbell v. Supreme Conclave Heptasophs, 66 N.J.L. 274, 279-280 (E. & A. 1901); and see, Keeton, Basic Text on Insurance Law, § 3.5(a) at 119-120 (1971).
The policy behind R. 4:42-9(a) (6) is to discourage groundless disclaimers made in bad faith by insurance carriers so as to escape a duty to defend their insureds. We do *188 not believe the rule can be interpreted to impose counsel fees upon an insurer which defends in good faith an action upon an accidental death provision of a life insurance policy by its insured, particularly where, as here, there is no controlling precedent in New Jersey and the great weight of authority throughout the country supports the position of the carrier.
The judgment of the Law Division is reversed insofar as it awards counsel fees to plaintiff's counsel. In all other respects the judgment of the Law Division is affirmed.