178 N.J. Super. 437 (1981)
429 A.2d 407
JACK L. CHEATHAM, PLAINTIFF-APPELLANT,
v.
UNSATISFIED CLAIM AND JUDGMENT FUND BOARD AND ROBERT W. HOOD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1981.
Decided April 8, 1981.
*439 Before Judges MICHELS, KOLE and ARD.
William C. Todd, III, argued the cause for appellant (Tort, Jacobs, Gross, Rosenberger & Todd, attorneys; Alan M. Lands on the brief).
John Aleli argued the cause for respondents (Steedle, Megargee, Youngblood, Franklin & Corcoran, attorneys).
The opinion of the court was delivered by ARD, J.A.D.
Plaintiff instituted a declaratory judgment action against the Unsatisfied Claim and Judgment Fund Board (Fund) and the uninsured defendant Hood seeking PIP benefits from the Fund under N.J.S.A. 39:6-86.1. The critical issue on appeal is whether the vehicle owned and operated by Hood is an automobile which would be subject to and qualify under the Fund law and thereby afford plaintiff the benefits sought.
While riding his bicycle plaintiff was struck by a pickup truck operated by defendant Robert Hood. Plaintiff was hospitalized as a result of the accident and since neither he nor Hood carried automobile insurance, plaintiff instituted this action to insure reimbursement for his medical expenses and wage losses.
*440 It was adduced below that Hood was 18 years old at the time of the accident and owned a small Ford pickup truck. He was a high school student and attended class from 8 a.m. to 11:30 a.m. He also participated in a cooperative industrial education program whereby he was allowed to work after school and received academic credit for his part-time job. From 12:30 p.m. to 5 p.m. defendant worked for the Apartment Management Company five days a week and was paid by the hour for his services. His father had assisted him in purchasing his vehicle, and Hood made weekly payments to his father to satisfy the loan. The truck was registered in defendant's own name. He testified that he purchased the pickup truck because of its size and gas economy and did not consider its potential use for his job with the Apartment Management Company. The vehicle was his own and he was free to do whatever he wanted with it.
His duties on the job consisted of general maintenance work and grounds keeping in two apartment buildings in Atlantic City. They were approximately seven blocks apart. On a daily basis he used the truck to travel between the two buildings, and sometimes he used the truck two or three times in one day. About once a week he would carry small amounts of cleaning supplies in the back of the truck or in the cab; however, he did not use the truck for hauling. In addition to the aforementioned use of the truck to get to and from his job sites, the vehicle was used for his recreational purposes.
The trial judge held that defendant's vehicle was not an "automobile" as defined in N.J.S.A. 39:6A-2(a) and thus plaintiff was not entitled to payment of PIP benefits from the Fund under the uninsured motorist provisions of N.J.S.A. 39:6-86.1. The judge concluded that "[w]hile it seems clear that [defendant] did not have a profession or business, it seems equally clear that he had and was engaged in an occupation." With respect to the transportation of supplies and answering of emergency calls on an occasional basis, the judge stated that "I would be inclined to agree that its use for these purposes was not customary. Nevertheless, said testimony would be relevant as respects *441 its use in the occupation of Hood." The judge ruled that defendant's use of the pickup in making his trips between the two apartment buildings constituted a customary use of the vehicle in his occupation.
... His occupation required him to supervise both apartment houses, he required transportation to get from one to the other, he used the pick-up in question daily and during his hours of employment to carry out the responsibilities called for by his occupation. Thus his use of the vehicle constituted a use of the vehicle in his occupation. And the fact that he acquired the vehicle for his personal use and actually used it for personal purposes and that he was not required to use this particular vehicle in going from one building to another does not detract from the fact that this was a vehicle actually used in his occupation. The test laid down N.J.S.A. 39:6A-2(a) is solely whether the pick-up was "not customarily used in the occupation" of the owner.
The judge also ruled that plaintiff was not entitled to an award for counsel fees, basing his decision on R. 4:42-9 which allows counsel fees only for actions on policies of insurance. Since there was no insurance policy in the present case, the judge reasoned that no fees could be allowed.
In appealing the determination plaintiff contended: (1) Hood's pickup vehicle was not customarily used in his occupation, profession or business; (2) Hood did not have an occupation, profession or business, and (3) plaintiff is entitled to an award of counsel fees for services in the declaratory judgment action.
Turning first to plaintiff's second point on appeal, we agree with the trial judge's determination that Hood did have an occupation. Despite the fact that Hood was a high school student receiving academic credit for his part-time employment with the Apartment Management Company in Atlantic City, his employment was steady and regular, performed five times a week, 4 1/2 hours per day, and occasionally involved additional emergency night work. Hood was paid an hourly wage for his services. Because of the regular nature of the employment and the responsibilities attendant thereto, we conclude that this activity does constitute an "occupation." Ohrel v. Continental Gas Co., 138 N.J. Super. 170, 182 (Law Div. 1975); Jantausch v. *442 Verona, 41 N.J. Super. 89, 97-98 (Law Div. 1956), aff'd 24 N.J. 326 (1957).
We also reject plaintiff's claim that he is entitled to an award of counsel fees. R. 4:42-9(a)(6) provides for the award of counsel fees in an action on a liability or indemnity insurance policy, in favor of a successful claimant. The Fund was not intended to be a liability insurance company for the uninsured driver, nor is it a substitute for an automobile liability policy. Lindsay v. Boles, 61 N.J. Super. 516, 518-519 (Cty.Ct. 1960). R. 4:42-9(a)(6) is not generally extended beyond its express provisions. Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 301 (1966); Karl v. New York Life Ins. Co., 154 N.J. Super. 182, 187-188 (App.Div. 1977). In view of this, we do not agree with plaintiff that his action against the Fund is the equivalent of an action on an insurance policy.
However, we nonetheless reverse the decision below because it does not appear that Hood's pickup was "customarily used in" his occupation. Under N.J.S.A. 39:6-86.1 the Fund is obligated to provide PIP benefits for bodily injury arising out of the use of an automobile, as that term is defined in N.J.S.A. 39:6A-2.
N.J.S.A. 39:6A-2 defines "automobile" and reads in pertinent part as follows:
a. "Automobile" means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pick-up body, a delivery sedan or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching. [Emphasis added].
Thus, if defendant's truck is not customarily used in defendant's occupation, profession or business, the truck would be considered an "automobile" for the purposes of the Fund law and the Fund would be obligated to make PIP payments to plaintiff. Iavicoli, No Fault and Comparative Negligence in *443 New Jersey, § 41 at 96 (1973); cf. Wagner v. Transamerica Ins. Co., 167 N.J. Super. 25, 32 (App.Div. 1979), certif. den. 81 N.J. 60 (1979).
In going between jobs Hood used the vehicle for his personal transportation. The vehicle was no more associated with his occupation, profession or business than a bus, had he availed himself of public transportation. There was no direct relation between the use to which the pickup was put and the apartment maintenance business. In so concluding we look to the "use" to which the pickup was actually put and not Hood's occupation. In order to constitute a "use" in Hood's occupation, there would have to be some connection of the pickup to the business, as, for example, if the pickup was used for towing or hauling. Consolidated Mut. Ins. Co. v. Security Ins. Co., 97 N.J. Super. 528, 532-533 (Ch.Div. 1967); LeFelt v. Nasarow, 71 N.J. Super. 538, 552-555 (Law Div. 1962), aff'd o.b. 76 N.J. Super. 576 (App.Div. 1962), certif. den. sub nom. LeFelt v. Aetna Ins. Co., 39 N.J. 86 (1963). Here the isolated use of the vehicle to carry cleaning supplies was a convenience to Hood. The vehicle was simply personal transportation used to convey Hood from his home to his job and from job to job and back to home. In light of the purpose of Fund legislation, we simply cannot conclude, in the circumstances of this case, that the vehicle was an instrument to promote the interest of the business.
Legislation involving automobile insurance is to be liberally construed in favor of awarding the broadest protection to automobile accident victims consistent with the language of the statute. Brokenbaugh v. N.J. Manufacturers Ins. Co., 158 N.J. Super. 424, 429 (App.Div. 1978). The no-fault statute containing the definition of an automobile provides that the act is to be "liberally construed so as to effect the purpose thereof." N.J.S.A. 39:6A-16. The underlying purpose of the Fund law, N.J.S.A. 39:6-61 et seq., is "to provide some basic measure of relief ... in order to forestall the possible hardship attendant upon a claimant's absorption of the entire economic loss occasioned *444 by the accident." Holmberg v. Aten, 68 N.J. Super. 73, 78-79 (App.Div. 1961). We do not believe that the Legislature intended to exclude Fund coverage for an injured party merely because the victim was injured by a vehicle which was used for transportation purposes by one proceeding from one place of employment to another.
Reversed.