626 A.2d 78

ROBERT GARGIULO, PLAINTIFF, v. RUTGERS CASUALTY IN-
SURANCE COMPANY, DEFENDANT/THIRD–PARTY PLAIN-
TIFF–RESPONDENT, v. UNSATISFIED CLAIM AND JUDG-
MENT FUND, THIRD–PARTY DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 24, 1993—Decided June 10, 1993.

Before Judges J.H. COLEMAN, SHEBELL and ARNOLD M. STEIN.

*Robert J. Del Tufo,* Attorney General, attorney for appellant (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Lisa R. Levine,* Deputy Attorney General, on the brief and reply letter brief).

*Daniel Friedman,* attorney for respondent.

The opinion of the court was delivered by

SHEBELL, J.A.D.

Plaintiff, Robert Gargiulo, suffered injuries in an automobile accident resulting in the amputation of his left leg. He instituted an action for personal injury protection (PIP) benefits asserting that he needed a wheelchair and alterations to his home to insure accessibility. Although his PIP carrier, Rutgers Casualty Insurance Company (Rutgers), provided plaintiff with a wheelchair, it refused his request to make repairs and alterations to his residence. Additionally, plaintiff sought counsel fees and all costs incurred during the proceedings.

It appears that Rutgers informed the Unsatisfied Claim and Judgment Fund (UCJF) of the initial denial, and that the UCJF agreed with that determination. Rutgers filed a third-party complaint against UCJF asserting that pursuant to *N.J.S.A.* 39:6A–4(a), UCJF was required to reimburse Rutgers for reasonable PIP benefits in excess of $75,000.

Trial was scheduled in the Law Division for January 27, 1992. However, a few days before trial, Rutgers acceded to plaintiff's request to pay the cost of home modifications. The UCJF agreed to reimburse Rutgers for those costs pursuant to *N.J.S.A.* 39:6–73.1.

The issue concerning counsel fees and costs incurred by the plaintiff during the proceedings remained unresolved. Therefore, plaintiff filed a motion seeking counsel fees and costs. Rutgers opposed plaintiff's motion by seeking to compel UCJF to pay all counsel fees alone, or at least to share in the burden of paying costs equally with Rutgers. The UCJF filed a brief in opposition asserting that the UCJF may not be held liable for counsel fees and costs pursuant to statutory and case law.

The judge heard oral argument and ordered Rutgers to pay plaintiff all counsel fees and costs, but provided that the UCJF must reimburse Rutgers for fifty percent of the sum. The judge reasoned that where the UCJF "participate[s] in a decision with the representatives of the carrier to a decision which would ultimately subject the carrier to a payment of counsel fees, that in such a case, it would be appropriate that the UCJF also participate in the payment of those fees." The UCJF appeals from this order. We reverse.

■ The issue is whether the UCJF can be compelled to contribute to the cost of plaintiff's counsel fees arising from litigation between a plaintiff and an insurance carrier where the UCJF has participated in the decision to litigate the question of entitlement or coverage. *See R.* 4:42–9(a)(6) and *N.J.S.A.* 39:6–73.1. Generally, "unless legal fees are authorized by statute, court Rule or contract, they are not recoverable." *Satellite Gateway Communications, Inc. v. Musi Dining Car Co., Inc.,* 110 *N.J.* 280, 285, 540 *A.*2d 1267 (1988) (footnote omitted). Pursuant to *R.* 4:42–9(a)(6), counsel fees may be awarded *"[i]n an action upon a liability or indemnity policy of insurance,* in favor of a successful claimant."

■ The purpose of the UCJF is to provide some measure of relief to persons who have sustained injuries or losses and who are otherwise remediless. *See, e.g., Wharton v. Knox,* 98 *N.J.Super.* 61, 64, 236 *A.*2d 151 (App.Div.1967), *certif. denied,* 51 *N.J.* 186, 238 *A.*2d 472 (1968); *Downing v. Stewart,* 85 *N.J.Super.* 62, 66, 203 *A.*2d 724 (App.Div.1964); *Dietz v. Meyer,* 79 *N.J.Super.* 194, 196,

191 *A.*2d 182 (App.Div.1963); *Clarke v. Brown,* 101 *N.J.Super.* 404, 413–14, 244 *A.*2d 514 (Law Div.1968). The relief provided by UCJF does not have to make the plaintiff whole, but must only provide a basic measure to relieve the plaintiff from having to absorb the entire monetary loss. *Clarke, supra,* 101 *N.J.Super.* at 413–14, 244 *A.*2d 514.

In *Cheatham v. Unsatisfied Claim and Judgment Fund Bd.,* 178 *N.J.Super.* 437, 429 *A.*2d 407 (App.Div.1981), a person injured by an uninsured driver's pickup brought a declaratory judgment action against the UCJF Board for PIP benefits. The primary issue concerned whether the vehicle that struck plaintiff was an "automobile" pursuant to *N.J.S.A.* 39:6A–2a. If the vehicle fell within the definition, plaintiff would be entitled to PIP benefits. However, the plaintiff in *Cheatham* also alleged that he was entitled to counsel fees pursuant to *R.* 4:42–9(a)(6). We rejected this claim and stated we did "not agree with plaintiff that his action against the Fund is the equivalent of an action on an insurance policy." *Id.* at 442, 429 *A.*2d 407. We concluded:

The Fund was not intended to be a liability insurance company for the uninsured driver, nor is it a substitute for an automobile liability policy. *Lindsay v. Boles,* 61 *N.J.Super.* 516, 518–519 [161 *A.*2d 324] (Cty.Ct.1960). *R.* 4:42–9(a)(6) is not generally extended beyond its express provisions. *Gerhardt v. Continental Ins. Cos.,* 48 *N.J.* 291, 301 [225 *A.*2d 328] (1966); *Karl v. New York Life Ins. Co.,* 154 *N.J.Super.* 182, 187–188 [381 *A.*2d 62] (App.Div.1977). *[Ibid.]*

Our holding in *Cheatham* cannot be circumvented merely by requiring the UCJF to reimburse a carrier for money paid toward a plaintiff's counsel fees. The purposes of the UCJF mitigate against compelling it to pay counsel fees in these circumstances.

There exists no statutory authority requiring the UCJF to pay for plaintiff's counsel fees. *N.J.S.A.* 39:6–73.1 deals with the UCJF's responsibilities in reimbursing an insurance carrier. *N.J.S.A.* 39:6–73.1 states that:

In the event medical expense benefits paid by an insurer, in accordance with subsection a. of section 4 of P.L.1972, c. 70 (C. 39:6A–4), are in excess of $75,000.00 on account of personal injury to any one person in any one accident, the Unsatisfied Claim and Judgment Fund shall assume such excess up to $250,000 and reimburse the insurer therefor in accordance with rules and regulations promulgat-

ed by the commissioner; provided, however, that this provision is not intended to broaden the coverage available to accidents involving uninsured or hit-and-run automobiles, to provide extraterritorial coverage, or to pay excess medical expenses.

*N.J.S.A.* 39:6–66(c) provides that the carrier must bear the costs of litigation and investigation expenses by stating:

(c) All assignments made under this section shall be made to insurers in proportion to their premium writings subject to assessment hereunder. Each insurer shall at its own expense (1) make such investigation as may be appropriate of any claim or action and (2) cause to be conducted on behalf of the fund the defense of any action assigned to it.

These statutory provisions support our conclusion that the Legislature did not intend for the UCJF to bear the obligation of reimbursing insurance carriers for counsel fees and costs.

Counsel for Rutgers argues that:

[A]s a matter of public policy, the UCJF should not be permitted, and was not intended to be permitted, to have *carte blanche* to cause PIP plaintiffs, and carriers, to incur unnecessary litigation expenses based upon no-pay positions, and then, as in this case, turn around and settle for the full amount of the claim at the eve of trial. By doing so, the UCJF affectively [*sic* ] delays its requirement to make payment on such claims, by requiring the carrier to litigate to the hilt, at the expense of both plaintiff and carrier, and then, at the even of trial, agreeing to pay the full amount.

Although the judge based his order on the idea that UCJF's participation mandates their contribution toward paying a part of counsel fees, we do not perceive it to have been the imposition of a sanction. *Cf. Oliviero v. Porter Hayden Co.,* 241 *N.J.Super.* 381, 387–88, 575 *A.*2d 50 (App.Div.1990). His decision appears more to have been based on equitable principles. Any decision to permit counsel fees against the Fund based on such consideration is unauthorized in the absence of statute or court rule. *See Satellite Gateway, supra,* 110 *N.J.* at 285, 540 *A.*2d 1267.

The trial court should not have compelled the UCJF to reimburse Rutgers for any portion of plaintiff's counsel fees. The Legislature created the UCJF and the attendant statutory framework. Therefore, the Legislature is in the best position to make a

determination on the issue of the UCJF's responsibility concerning counsel fees.

Reversed.