678 A.2d 723

ROBERT J. KNOWLES, PLAINTIFF–RESPONDENT, v. SUSAN M. WILSON, WAYNE I. WILSON, DEFENDANTS, AND THE UN-SATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 19, 1996—Decided July 8, 1996.

Before Judges SHEBELL and DREIER.

*Kathleen Gavin Waldron* argued the cause for appellant (*McLaughlin & Cooper*, attorneys; *Ms. Waldron*, on the brief).

*Edward S. Donini* argued the cause for respondent.

The opinion of the court was delivered by

DREIER, P.J.A.D.

Defendant, The Unsatisfied Claim and Judgment Fund Board of the State of New Jersey, appeals from a portion of a judgment requiring the Fund to pay prejudgment interest in the amount of $2305, representing the interest on plaintiff's $10,000 award from the date of filing of the complaint to the date of the judgment.[1]

Plaintiff was injured in an automobile accident on June 6, 1989 as he and a friend were walking to their automobile across a diner's parking lot. While driving a car owned by defendant Wayne Wilson, defendant Susan Wilson struck plaintiff. Neither the driver nor owner had automobile insurance on the date of the accident. In the ensuing litigation, Ms. Wilson was found to be eighty percent liable and plaintiff twenty percent responsible. Plaintiff received a $12,500 award, reduced by his comparative negligence to $10,000, and the judge awarded an additional $2305 as prejudgment interest. The Fund agreed to pay, and has paid, the $10,000 damage award. It claims, however, that interest is payable by the Fund only from the date of a court order directing payment of the underlying judgment, and contends that prejudgment interest is unauthorized.

Plaintiff asserts that there are references in *N.J.S.A.* 39:6–77 to the payment of interest, and therefore plaintiff should be entitled to prejudgment interest. The statute refers, however, only to interest charged against the uninsured motorist which accrues after the judgment creditor has assigned its collection right to the Fund. Thus, this statute does not support plaintiff's claim. Plaintiff also contends that *N.J.S.A.* 39:6–69 provides for interest to the judgment creditor in stating that a plaintiff's recovery is limited to

---

[1] Although plaintiff had made the Fund a direct party to this action, no claim was made against the Fund other than as the putative payor for defendant Wilson, a liability which arises only after judgment against the uninsured motorist.

"the maximum amount or limit of $15,000 exclusive [2] of interest and costs." There is no indication in the statute whether the described interest is prejudgment, as opposed to postjudgment. This ambiguity is not resolved by the court rule regarding the inclusion of prejudgment interest, *R.* 4:42–11(b). This rule provides:

> (b) Tort Actions. Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest, calculated . . . from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. . . .

The problem before us is succinctly stated in Pressler, *Current N.J. Court Rules,* comment 7 on *R.* 4:42–11 (1996):

> The rule has also been held not to apply to a judgment required to be paid by the Unsatisfied Claim and Judgment Fund. See *Lynch v. Heymenn [Heymann]* [119 *N.J.Super.* 151, 290 *A.*2d 459 (Law Div.1972) ]. But see *Bellino v. Strelecki,* 121 *N.J.Super.* 331 [297 *A.*2d 15] (Law Div.1972), rejecting *Lynch* and charging the Fund with interest under the rule. And see *Boyd v. Marini,* 132 *N.J.Super.* 324 [333 *A.*2d 559] (App.Div.1975), approving *Bellino* and disapproving *Lynch.* If prejudgment interest is allowed against the Fund, however, it is clear that it is allowable only on the payable portion of the verdict where the verdict exceeds the statutory maximum. *Boyd v. Marini, supra.*

Although the authorities cited in the comment all precede the current court rule, and therefore do not interpret it, the principles of these cases should still be considered.

First, there appears to be no question that the Fund operates in somewhat different capacities depending upon the situation it faces. In the case of a hit-and-run driver as in *Boyd,* the Fund is the named party and controls the litigation. Where there is no question that the damages will exceed the Fund's statutory limit, a prohibition against the awarding of interest would remove the only

---

[2] We note that this language is not "inclusive" of interest and costs. Thus the statutory language provides that interest and costs are payable in addition to the damages verdict. Since plaintiff has recovered only $10,000, we need not here reach the additional issue of whether the maximum amount recoverable might be $15,000 *plus* interest and costs, or whether $15,000 provides an overall limit on recovery from the Fund.

control a court might have over dilatory tactics, including an unreasonable refusal to settle an open-and-shut case. Even before the court rule, we recognized in *Boyd, supra,* that in such a case the judgment chargeable against the Fund could include prejudgment interest. 132 *N.J.Super.* at 327, 333 *A.2d* 559.

A different situation exists, however, where the case is defended because of a bona fide factual dispute raised by the uninsured defendant who is present and participating in the defense. Should there be a different rule in that instance? We think not. While it is true that the Fund's own obligation to pay any award runs only from an order for payment, *N.J.S.A.* 39:6–71, the amount that the Fund is required to pay on behalf of the uninsured motorist is the "judgment for bodily injury or death," or for "damages to property." *N.J.S.A.* 39:6–69. Prior to the promulgation of *R.* 4:42–11(b), tort judgments did not include prejudgment interest as a matter of law. The rule, however, now specifically provides that the court shall include such prejudgment interest "in the judgment." *R.* 4:42–11(b).

In this case the award against Ms. Wilson was not simply $10,000; it was $10,000, plus the mandatory prejudgment interest. The Fund which is obliged to pay the "judgment" against Ms. Wilson, and which will then obtain an assignment of plaintiff's judgment to be reimbursed by Ms. Wilson, is required to pay this judgment. *N.J.S.A.* 39:6–69. Therefore, unless the award of interest is suspended in an exceptional case pursuant to the provisions of the court rule, the judgment which the Fund is required to pay includes such prejudgment interest.

This principle was recognized in *Alotto v. McClary,* 154 *N.J.Super.* 19, 380 *A.2d* 1149 (App.Div.1977). In that case, interest was not awarded pursuant to *R.* 4:42–11(b), since the rule was not effective on the date of judgment. 154 *N.J.Super.* at 21, 380 *A.2d* 1149. The court clearly noted, however, that had the rule been effective, the plaintiff's judgment would have included the prejudgment interest. *Id.* at 23, 380 *A.2d* 1149. We see no reason to

depart from the rationale of *Alotto,* since it represents a fair position.

The Fund's attorney represents the defendant, whether absent as in *Boyd* or present as in *Alotto* and the case before us. The Fund and the defendant should not have opposing interests. If an early settlement would avoid the running of prejudgment interest, the Fund should not have an interest in prolonging the litigation in order to protect its assets or put the money to other use. The court rule was promulgated to encourage early settlements, thus insuring prompt payment for deserving plaintiffs and the reduction of court congestion. These principles are as applicable to payments from the Fund as from any insurer.

Applying a similar principle in *Crudup v. Marrero,* 57 *N.J.* 353, 273 *A.*2d 16 (1971), the Court held the Fund liable for prejudgment interest and counsel fees under the offer of judgment, *R.* 4:58–1 *et seq.,* unless the trial judge on remand were to determine otherwise because of the special circumstances of the case. *Id.* at 361–62, 273 *A.*2d 16. The same rule should prevail here. The Fund is presumptively responsible for paying the prejudgment interest included in the judgment pursuant to *R.* 4:42–11(b). If there are special circumstances of the case that would make it inequitable to assess such prejudgment interest against the Fund, a trial judge, after a hearing on the issue, may limit the judgment to the principal amount recovered, or may include only a portion of the prejudgment interest. Such circumstances are not present here and thus a remand is unnecessary.

The issue here decided does not, as alleged by the Fund, implicate the Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.* We are merely defining the Fund's reimbursement obligation under *N.J.S.A.* 39:6–69 and *R.* 4:42–11(b) concerning a judgment entered against a tort defendant. The Fund pays no interest; it pays a judgment that includes interest assessed against an individual defendant.

Lastly, plaintiff notes that under the terms of the order he would be entitled to a $750 charge under *R.* 4:21A–6 if he had

been unsuccessful in obtaining the prejudgment interest.  In view of our decision, this question is moot.

Affirmed.