SATELLITE GATEWAY COMMUNICATIONS, INC., PLAINTIFF-RESPONDENT, v. MUSI DINING CAR CO., INC., MUSI MANUFACTURING CO., INC. AND RALPH MUSI, DEFENDANTS-APPELLANTS.

Argued October 26, 1987—Decided May 17, 1988.

---

*John J. Cassese* argued the cause for appellants (*Adams, Cassese & Papp,* attorneys).

*Mark Baumgarten* argued the cause for respondent (*Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime,* attorneys).

PER CURIAM.

The sole issue in this appeal is whether the trial court properly awarded Satellite Gateway Communications, Inc. (Satellite) counsel fees of $45,264 against Musi Dining Car Co., Inc. (Musi). The trial court awarded counsel fees in an action brought by Satellite against Musi for possession, injunctive relief, and damages arising out of Musi's failure to vacate certain commercial real property. The Appellate Division affirmed. We reverse.

I

Musi, a manufacturer of dining cars, was a tenant at 27 Randolph Street in the Borough of Carteret, New Jersey, for several years. On January 31, 1983, Musi and Philip Mandelbaum,[1] agent for the landlord, executed a renewal lease for a term of ten years. The lease included a renewal option for an additional ten years. By sublease dated February 1, 1983, Musi sublet a portion of the premises to a Ronald R. Simon, who in

---

[1]For convenience, we refer to Mandelbaum throughout this opinion as the landlord.

turn sublet the premises on the same day to Satellite's corporate predecessor in interest.

Satellite is engaged in the business of operating an earth station facility and all phases of audio, video, and data satellite communications. In mid–1983 Musi and Satellite began discussions of an assignment to Satellite of all Musi's interests under the January 31, 1983, lease. On August 30, 1983, Musi and Satellite entered into an "Agreement for the Assignment of Lease" under which Musi assigned to Satellite "all of its right, title and interest in and to a certain Lease Agreement between Philip Mandelbaum, agent, and Musi Dining Car Co., Inc., dated January 31, 1983." The Assignment Agreement incorporated by reference all the terms and provisions of the January 31, 1983, lease and terminated all existing sublease agreements. Under the Assignment Agreement, Satellite would pay directly to the landlord the rent due under the January 31, 1983, lease and as consideration for the assignment would pay Musi additional monthly payments during the term of the lease. The Assignment Agreement also provided that if Satellite did not exercise the renewal option under the January 31, 1983, lease, it had to advise Musi so that if it so chose, Musi could exercise the renewal option. The landlord, by letter dated July 20, 1983, agreed to the Assignment Agreement "so long as Musi Dining Car Co., Inc. remains responsible under the terms of the Lease, and further, so long as the assignee assumes full liability under the Lease." However, the landlord was not a party to the Assignment Agreement nor was he a party in this suit.

The Assignment Agreement also provided that Musi and Satellite would share the premises until January 1, 1984, at which time Musi would relocate its existing business to another site. Throughout the remainder of 1983, Musi negotiated with the landlord in an attempt to find other property to which Musi could relocate. It was contemplated that Musi would rent a portion of that additional property to Satellite.

Musi did not vacate the premises on January 1, 1984, as originally agreed. By letter dated March 16, 1984, Satellite agreed to pay Musi rent for January, February, and March, 1984, with the understanding that Musi would vacate the premises by March 21, 1984. The letter also provided that Musi would assign to Satellite all of its rights to the rear two acres of adjoining property at a monthly rental of $1,800, which acres Musi intended to lease from Mandelbaum. Although the parties contemplated that Musi would lease these two acres from Mandelbaum and sublet a portion to Satellite, Musi and Mandelbaum never executed a lease for that property.

Musi did not vacate the premises on March 21, 1984. Instead Musi, without paying rent to Satellite, continued to conduct its business at the premises as usual. In August 1984, Satellite filed a complaint for possession, injunctive relief, and damages by reason of Musi's wrongful possession, which interfered with Satellite's expansion program. Musi filed a counterclaim alleging that Satellite had interfered with its negotiations with the landlord. Musi eventually vacated the premises on November 30, 1984.

The first count for possession was tried summarily pursuant to *Rule* 4:67–1. The trial court found that the parties were sophisticated businessmen who executed the Assignment Agreement on August 30, 1983; that the agreement provided that Musi would vacate the premises by January 1, 1984; and that the parties consented to continued occupancy until March 21, 1984, by virtue of the March 16, 1984, letter. Further, the court found that while there was an anticipation of a deal with Mandelbaum, it was not a *sine qua non* of the Assignment Agreement, and that the relocation of Musi was not a material part of the assignment. The court held that after March 21, 1984, Musi had no continued right of occupancy and Satellite was entitled to immediate possession of the premises.

At the hearing on the form of order on October 5, 1984, the trial court held that it had no equitable powers to provide for

any continued possession because Musi was a trespasser with no legal or contractual right to possession. The order nonetheless permitted Musi fifteen days to remove its property from the demised premises.

The remaining two counts were tried in May 1985. The trial court awarded Satellite $104,795.32, and awarded Musi $38,200 on its counterclaim. Additionally, the trial court awarded Satellite counsel fees of $45,264 as "compensatory damages." On the subject of counsel fees, the trial court stated:

> I'm dealing with the issue of attorneys' fees as compensatory inasmuch as the plaintiff was forced to hire attorneys in order to prosecute its case, not necessarily because of the punitive nature of the involvement, but simply to get its property, what it was entitled to, so I will deal with it as that issue and not award any punitive damages.

On Musi's appeal the Appellate Division, in an unreported *per curiam* opinion, affirmed the trial court's decision. The Appellate Division held that the trial court's incorrect characterization of defendant as a trespasser did not affect the overall determination. The Appellate Division determined that "[t]he factual underpinning of the decision was that defendant had made a noncontingent agreement to leave and, although surprised that alternative premises were not available, would have to live up to its agreement."

The Appellate Division held that counsel fees were properly awarded under Paragraph 19 of the January 31, 1983, lease between Musi as *tenant* and Mandelbaum as *landlord*. Paragraph 19 made the tenant responsible for the payment of rent and attorneys' fees and costs and expenses of retaking. The court concluded that Satellite, the sublessee, was entitled to counsel fees under that Paragraph by virtue of the assignment.

Musi filed a petition for certification limited solely to the issue of whether the counsel fees had been properly awarded. We granted certification, 107 N.J. 134 (1987), and now reverse.

II

*Rule* 4:42–9(a) states the general rule that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise...."

The Rule then lists eight exceptions in which attorneys' fees may be awarded: (1) in a family action; (2) out of a fund in court; (3) in a probate action; (4) in an action for the foreclosure of a mortgage; (5) in an action to foreclose a tax certificate or certificates; (6) in an action on a liability or indemnity policy of insurance; (7) as expressly provided in a court Rule; and, (8) in all cases where counsel fees are permitted by statute. *R.* 4:42–9(a)(1)–(8).

The original source of *Rule* 4:42–9, *Rule* 3:54–7, effective September 15, 1947, was adopted to eliminate the abuses of the pre–1948 chancery practice of granting excessive fees to favored members of the bar. Pressler, *Current N.J. Court Rules,* Comment *R.* 4:42–9. In its original form, *Rule* 3:54–7 prohibited "the judicial allowance of counsel fees except in a few specially designated situation[s]," namely, matrimonial, foreclosure, and probate actions and "out of a fund in court." *State v. Otis Elevator Co.,* 12 *N.J.* 1, 27 (1953). The original source Rule, *Rule* 3:54–7, now *Rule* 4:42–9, has been amended through the years to increase the types of cases in which legal fees may be granted. Nonetheless, the Court's basic approach and philosophy regarding the allowance of counsel fees has remained the same, namely, "that sound judicial administration is best advanced if litigants bear their own counsel fees." *Department of Envtl. Protection v. Ventron Corp.,* 94 *N.J.* 473, 504 (1983); *Right to Choose v. Byrne,* 91 *N.J.* 287, 316 (1982); *Gerhardt v. Continental Ins. Cos.,* 48 *N.J.* 291, 301 (1966); Pressler, *Current N.J. Court Rules,* Comment *R.* 4:42–9 (1988). In accordance with this policy, unless legal fees are authorized by statute, court Rule, or contract, they are not recoverable.[2] We find no reason in this case to deviate from that well-established rule.

---

[2] In *Department of Environmental Protection v. Ventron, supra,* 94 *N.J.* at 504–05, however, we recognized counsel fees may be awarded to "'[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person....'"

This action does not fall into any of the exceptions listed in *Rule* 4:42–9(a)(1)–(8). Additionally, there is no court Rule or statute that permits a counsel fee award in this case. Accordingly, there is no ground for the award of counsel fees under *Rule* 4:42–9.

However, the Rule does not "preclude such an allowance where the parties have agreed thereto in advance by stipulation ... or other agreement or contract...." Pressler, *Current N.J. Court Rules*, Comment R. 4:4–42–9 (1988); *see Department of Envtl. Protection v. Ventron, supra*, 94 *N.J.* at 504 (1983); *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll*, 44 *N.J.* 442, 448 (1965). Thus, a party may be contractually obligated to pay attorneys' fees. The Appellate Division granted attorneys' fees to respondent on that theory.

### III

We do not agree with the Appellate Division's conclusion that the January 31, 1983, lease between the landlord and Musi obligates Musi to pay counsel fees to Satellite. Paragraph 19 of the lease provides for the award of counsel fees to the *landlord* in the event the *tenant* defaults:

> If there should occur any default on the part of the Tenant in the performance of any conditions and covenants herein contained ... or should the Tenant be evicted by summary proceedings or otherwise, the Landlord, in addition to any other remedies herein contained or as may be permitted by law, may ... re-enter the said premises and ... re-let the premises and receive the rents therefor and apply the same, first to the payment of such expenses, *reasonable attorney fees* and costs, as the. Landlord may have been put to in re-entering and repossessing the same.... The Tenant shall remain liable for such rents as may be in arrears and also the rents as may accrue subsequent to the re-entry by the Landlord, to the extent of the difference between the rents reserved hereunder and the rents, if any, received by the Landlord during the remainder of the unexpired term hereof, after deducting the aforementioned expenses, fees and costs.... [Emphasis added.]

---

*Accord* Restatement (Second) of Torts § 914(2). *Rule* 4:58 (offer of judgment) offers a technique whereby an allowance of counsel fees may be obtained where a suit is either prosecuted or defended frivolously or in bad faith. Pressler, *Current N.J. Court Rules*, Comment R. 4:42–9 (1988).

The Appellate Division recognized that Musi was not a trespasser, but characterized it as a month-to-month holdover tenant. Applying the Restatement (Second) of Property (Landlord & Tenant) § 14.6 (1977), the court found that Musi would be responsible for special damages to the landlord or to an incoming tenant. The court characterized Satellite as a "landlord" because it had "title" to the land Musi was wrongfully possessing. Hence, the Appellate Division concluded:

Under this paragraph [Paragraph 19] the tenant is responsible for the payment of rent after the deduction of attorney's fees and costs and expenses of retaking. As noted earlier, under Comment b of *Restatement, Property*, 2d § 14.6 an incoming tenant as well as a landlord is legally entitled to special damages, *here defined by contract* as including attorney's fees.
[Emphasis added.]

Satellite, however, is not the landlord under the contract to which the Appellate Division refers. The contract to which the court refers is the January 31 lease between the landlord, Mandelbaum, and the tenant, Musi. As a result of the Assignment Agreement, Satellite replaces Musi, *not* Mandelbaum, and gains Musi's rights, not those of Mandelbaum.

In the Assignment Agreement, Musi specifically assigned to Satellite as of February 1, 1983, "all of its right, title and interest in and to" the January 31, 1983, lease. Musi assigned all its rights as a *tenant* under the lease to Satellite. Satellite, as a result of the assignment, is in the position Musi occupied under the lease. As tenant, Satellite would be obligated to the *landlord*, Mandelbaum, for payment of counsel fees in the event the tenant defaulted.

Satellite could not invoke the lease to which it succeeded as tenant to gain greater rights than Musi ever had. It is a well-established principle an assignee stands to all intents and purposes in the place of the assignor. I. LeWine, *New Jersey Practice: Landlord and Tenant Law,* § 991 (3d Ed.1962). The rights of an assignee can rise no higher than those of his assignor. *Mayo v. City Nat'l Bank & Trust Co.,* 56 *N.J.* 111, 117 (1970). The assignment of a lease is properly the transfer

of the interest of the tenant. *Potts v. Trenton Water Power Co.*, 9 *N.J. Eq.* 592, 618 (E. & A. 1854).

The lease (between Mandelbaum and Musi) does not give the tenant the right to seek counsel fees; only the landlord (Mandelbaum) could seek counsel fees. Satellite is not entitled to the benefits Mandelbaum negotiated for himself in the lease between Mandelbaum and Musi. Additionally, Satellite and Musi, two experienced businesses, did not agree to the award of counsel fees in the Assignment Agreement. Moreover, Satellite paid the landlord all the rent due under the January 31, 1983, lease; there is no default under that lease. The dispute between the parties in this case does not arise under the January 31, 1983, lease, but under the Assignment Agreement executed by Musi and Satellite, and the March 16, 1984, letter extending Musi's right to continued occupancy of the premises.

In conclusion, *Rule* 4:42–9(a) specifically precludes the grant of counsel fees except in certain specified instances or where they have been agreed to in advance by contract. *Rule* 4:42–9 does not provide for counsel fees in this case. While *Rule* 1:1–2 provides that "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice," we do not find such an injustice would occur if counsel fee awards are not allowed in this action.

We reverse so much of the judgment of the Appellate Division as awarded counsel fees to Satellite, and affirm the remainder of the Appellate Division's judgment.

*For affirmance in part and reversal in part* —Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed* —none.