252 N.J. Super. 180 (1991)
599 A.2d 578
SPECIALIZED MEDICAL SYSTEMS, INC., PLAINTIFF-RESPONDENT,
v.
LUC J. LEMMERLING, M.D., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1991.
Decided December 2, 1991.
*181 Before Judges J.H. COLEMAN, STERN and KEEFE.[1]
Paul J. Maselli argued the cause for appellant (Stark & Stark, attorneys; Paul J. Maselli of counsel, Jonathan D. Zimet on the brief).
Michael J. Marone argued the cause for respondent (McElroy, Deutsch & Mulvaney, attorneys; Michael J. Marone of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Following the entry of judgment in favor of plaintiff for $5,776.99, the trial court awarded plaintiff $7,500 in counsel fees. Defendant appeals the award.[2]
On September 5, 1984, plaintiff, Specialized Medical Systems, and defendant, Doctor Luc J. Lemmerling, entered into an agreement whereby plaintiff sold a computer and related hardware and software to defendant to expedite billing, accounting and patient treatment. Subsequently, in May and June of 1985, the parties entered into maintenance agreements for hardware and software respectively. The total purchase price of the package was $35,533.00, with separate monthly payments to be made on each maintenance contract. The Hardware Maintenance Agreement contained the following provision:
In the event of litigation or other proceedings to enforce or defend any term or provision of this agreement, the losing party shall pay to the prevailing party *182 all costs and expenses of such litigation or proceedings including attorney's fees.
As time passed the relationship between plaintiff and defendant deteriorated. Defendant claimed that plaintiff had failed to fulfill its obligations to service the equipment, which did not perform to defendant's satisfaction. Unable to resolve their differences, defendant stopped all payment on the contracts and plaintiff instituted a collection action. Defendant counterclaimed, alleging fraud, breach of warranties and violations of the New Jersey consumer fraud law, N.J.S.A. 56:8-1 et seq., and the Magnuson-Moss Act, 15 U.S.C. 2301 et seq.
Plaintiff brought suit claiming $9,600.00 in damages. Defendant's counterclaim was dismissed. The judge concluded that the defense was "absolutely unjustified." The jury returned a verdict for plaintiff which was embodied in a judgment on May 30, 1990 for $4,422.26 plus pre-judgment interest aggregating the $5,776.99. Only $750.00 of the verdict related to the breach of the Hardware Maintenance Agreement.
On September 28, 1990 plaintiff applied to the court for attorney's fees as authorized in the Hardware Maintenance Agreement.[3] Taking into account that the award "should be discounted" because of "expenditures not involving the Hardware Maintenance Agreement," plaintiff asked for an award of $15,000, noting that the bulk of the work was directed to plaintiff's defense against the counterclaim (which if defendant prevailed could have resulted in treble damages). Plaintiff acknowledged that the provision for attorney's fees was embodied only in the Hardware Maintenance Agreement and that the *183 other two agreements had no similar provision. However, plaintiff noted that the alleged breach of the Hardware Maintenance Agreement constituted a significant part of defendant's entire counterclaim.
Defendant argued that any award had to be limited to the services directed exclusively to the claim and defense related to the Hardware Maintenance Agreement since only that agreement contained the attorney fee provision.[4] Defendant further claimed plaintiff's attorney took the case on a contingency and therefore counsel fees had to be limited to the agreed percentage of recovery. Defendant also contended that the efforts of plaintiff's counsel directed to the counterclaim were irrelevant because plaintiff's attorney had told defendant's counsel that plaintiff would not be charged a fee on the counterclaim, since plaintiff's president was "a personal friend of mine." Defense counsel argued:
"It is undisputed ... that [plaintiff's president] individually or his company ... did not have an agreement to pay hourly rates to the attorney, did not have any expectation to pay an hourly rate to its attorney and, in fact, if your Honor does not award attorney's fees in this case, these firms will not pursue Specialized Medical Systems or [its president] for those attorney's fees."
Plaintiff's counsel, while not disputing those facts or the "contingency basis", responded that his adversary was "displac[ing] the contractual intent of the parties which is clear in this where they agree that in enforcing or defending a claim that arises under their particular contract they would pay reasonable attorney's fees." He further said "[t]here was always an expectation as we pled from Day-I in this case that we would be seeking reasonable attorney's fees pursuant to the contract."
Judge Leo Yanoff, the trial judge, held that the terms of the contract regarding attorney's fees were clear in that they *184 referred to "the costs of litigation", including "attorney's fees," and that there was an understanding or
agreement between the lawyer and the plaintiff [for payment of] a percentage of collection plus: `We won't charge you if we have to defend on the counterclaim' but implicit in that was: If we can get some payment for our services under the contract, we get that.
Further, he found an agreement not to charge plaintiff but an understanding that "if I can collect some other way," such as under the contract, he would. Furthermore, the judge found that trying to separate the original agreements made by the parties or the costs attached to prosecuting or defending each claim was not possible. Judge Yanoff therefore awarded plaintiff $7,500.00 in counsel fees based on the Hardware Maintenance Agreement.

I.
Before us, defendant contends that the plaintiff may only recover attorney's fees that it has paid or is obligated to pay. Defendant claims that an award of attorney's fees should "reflect the plaintiff's actual obligation" and that therefore the maximum award is only one-third of the plaintiff's actual recovery under the Hardware Maintenance Agreement because that was all plaintiff was obligated to pay its counsel. Defendant also argues that the contractual obligation to pay attorney's fees may only be enforced if the plaintiff actually contracted to pay for an attorney. Defendant claims that since counsel for plaintiff was a personal friend of its president, and as counsel did not intend to accept payment from plaintiff except for the one-third contingency in the event of recovery, plaintiff's award should be limited to that amount. While these arguments do have some appeal, we agree with Judge Yanoff's conclusions in these circumstances.

II.
We agree with plaintiff that generally an award of counsel fees cannot be based exclusively on the services and *185 expenses related to only one contract when the litigation involves multiple agreements.[5] Similarly the services rendered on a claim can rarely be isolated from those involved in defending a counterclaim. Recently, in Thomas v. Saijwani, 249 N.J. Super. 158, 592 A.2d 247 (App.Div. 1991), certif. den. 126 N.J. 390, 599 A.2d 166 (1991), we upheld the award of counsel fees in an action to obtain repayment of a security deposit notwithstanding that most of the costs dealt with plaintiff's defense of a counterclaim. The fee was premised on the statutory right to fees with respect to the claim seeking the return of the security deposit. Thomas dealt with a statutory right to collect counsel fees, whereas here we are dealing with a contractual right. However, that cannot control unless the contract is more specific or narrow than the one with which we deal. The Hardware Maintenance Agreement provided for counsel fees "in the event of litigation or other proceedings to enforce or defend any term or provision of [the] agreement", and this litigation involved enforcement and defense of a term of the agreement. See also Cohen v. Fair Lawn Dairies, Inc. 86 N.J. Super. 206, 215, 206 A.2d 585 (App.Div. 1965), mod. in part o.g., 44 N.J. 450, 210 A.2d 73 (1965).
The fact that R. 4:42-9 does not expressly provide for counsel fees when authorized by contract does not control. It is true, as defendant suggests, that our Supreme Court's "basic approach and philosophy regarding the allowance of counsel fees [is] `that the sound administration of justice is best advanced if litigants bear their own counsel fees,'" Satellite Gateway Com. v. Musi Dining Car Co., 110 N.J. 280, 285, 540 A.2d 1267 (1988), quoting State, Dept. of Environ. Protect. v. Ventron Corp., 94 N.J. 473, 504, 468 A.2d 150 (1983). However, they are recoverable, independent of the Rule, if authorized by a contract or agreement between the parties, Satellite *186 Gateway Com. v. Musi Dining Car Co., supra, 110 N.J. at 285, 540 A.2d 1267. See also Central Motor Parts v. DuPont, supra (indemnification). Hence, the Court has said that "unless legal fees are authorized by statute, court Rule or contract, they are not recoverable," Satellite Gateway Com. supra, 110 N.J. at 285, 540 A.2d 1267. (emphasis added).[6]

III.
We must now decide, apparently for the first time in New Jersey, whether the award of counsel fees under the Rule or the contract can be for fees that a party is not obligated to pay his counsel. Here, there is no contest that counsel agreed to represent plaintiff on a contingency of one-third of plaintiff's recovery under the complaint and to defend the counterclaim without charge. Plaintiff relies on Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442, 210 A.2d 68 (1965), which held that recovery from defendant of an amount equal to 20% of a note payable as counsel fees was enforceable because of the note provision authorizing same, even though a Rule or statute did not; and this was so even if the plaintiff may have expected to pay its counsel more than 20% for counsel fees. While defendant could only challenge the reasonableness of the fees based on the 20% figure, here the issue does not relate to the contract between the parties but to the agreement between "the prevailing party" and its counsel. Cf. Cohen v. Fair Lawn Dairies, supra, 86 N.J. Super. at 216-17, 206 A.2d 585.
We hold that where the retainer agreement contemplates the possibility of recovery of counsel fees in lieu of payment from the client, counsel may endeavor to collect them even though the client may not be obligated for the entire amount. Our judicial policy has always been to promote representation by not discouraging individuals from "bringing meritorious *187 causes of action," S. Pressler, Current N.J. Court Rules, R. 4:42-9 Comment (1991), and we believe that our holding supports that policy.[7]
Our decision does not promote frivolous litigation because the party who promotes truly frivolous litigation will not prevail. Nor should we promote sham retainer agreements under which the attorney charges an hourly rate or other fee which his client understands he will not be obligated to pay. See R.P.C. 1.5. See also R. 1:21-7, -7A regarding specific retainer agreements, and note that while R. 4:42-9(a)(1) permits counsel fees in matrimonial actions, R. 1:21-7A regarding retainer agreements in such cases expressly provides that no agreement is required "in those cases where no fee is charged for services rendered."
Accordingly, we hold that a prevailing party can collect reasonable counsel fees even though he is not otherwise obligated to pay them to his counsel, at least if the attorney and client understand their retainer agreement to so permit. The judgment is therefore affirmed.
NOTES
[1] Judge Keefe did not participate in oral argument. However, the parties consented to his participation in the decision subsequent to argument.
[2] No transcripts of the trial were produced and we must rely upon the trial judge's findings at the time of the motion, together with the documents in the record.
[3] No issue of timeliness of the request has been raised. Defendant claims, however, that counsel fees could not be awarded because they were not included as damages in plaintiff's answers to interrogatories. Defendant's claim would have merit if the counsel fees were themselves sought as an element of damages. Cf. Montefusco Excavating & Contracting Co. v. Middlesex Cty., 82 N.J. 519, 527-28, 414 A.2d 961 (1980); Penway Property Co., Inc. v. Landau, 76 N.J. 595, 598, 388 A.2d 1265 (1978); Central Motor Parts v. DuPont, 251 N.J. Super. 5, 596 A.2d 759 (App.Div. 1991); S. Pressler, Current N.J. Court Rules, Comment R. 4:42-9 (1991) at 977.
[4] Defense counsel said "I think the limit of the affirmative claim and in defense of the claim for breach of contract on the hardware maintenance agreement itself is in the range of $6390.00 on the defendant's counterclaim and $750.00 on the plaintiff's affirmative claim." Defendant also claimed that plaintiff's president indicated only $5400.00 damages in his answers to interrogatories. See n. 3, supra.
[5] The entire controversy doctrine would prohibit separate actions between the same parties in circumstances like this. See R. 4:27-1; 4:30A.
[6] The Rule expressly authorizes counsel fees where "permitted by statute," R. 4:42-9(a)(8), but not where provided by contract.
[7] We recognize that the issue in this case is different than where counsel fees are awarded under a statute which promotes law suits to vindicate public policy. See e.g., Torres v. Attorney General, 391 Mass. 1, 460 N.E.2d 1032, 1039-40 (1984). Here no statutory authorization for the award of counsel fees was involved. The award was not based on the "frivolous" nature of the defense or counterclaim, and we do not address that subject. But see R. 4:42-9(a)(8); N.J.S.A. 2A:15-59.1.