**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1788-22

56 EASTON REDEV LLC,

      Plaintiff-Respondent,

v.

DR. RASIK JIVANI, M.D.,
NIRAJ JIVANI, and
STEAK SHACK LLC,

      Defendants-Appellants.

_____

          Submitted October 17, 2023 – Decided January 17, 2024

          Before Judges Sumners and Smith.

          On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000112-22.

          Blick Law LLC, attorneys for appellants (Charles D. Whelan, III, and Shaun I. Blick, on the briefs).

          Kelso and Burgess, attorneys for respondent (Kurt J. Trinter, on the brief).

PER CURIAM

In this commercial tenancy dispute, plaintiff, owner of 56B Easton Ave. in New Brunswick (the property), filed a verified complaint and order to show cause in the Chancery Division against its tenants, defendants Dr. Rasik Jivani, M.D., Niraj Jivani, and Steak Shack LLC. Plaintiff alleged multiple violations of the parties' lease agreement and sought temporary restraints, a declaratory judgment for an order of possession, and damages for nonpayment of rent, lease violations, breach of the covenant of good faith and fair dealing, fraud, and unjust enrichment.

Defendants moved to dismiss the complaint, contending the parties' lease agreement mandated that the dispute be resolved through arbitration. In interlocutory and reconsideration orders, Judge Thomas D. McCloskey denied the request and ordered the dispute be resolved by the court. We conclude there is no basis to disturb the orders and affirm substantially for the reasons expressed by the judge in his comprehensive and cogent oral decision.

Before the current dispute, the prior property owner filed three lawsuits against defendants leading to appeals to this court; two culminated in unpublished decisions by this court and the other resulted in a settlement and

2

voluntary dismissal.[1]  Although those actions may provide some relevant background to the present litigation, we need not discuss them.  We also need not detail the procedural history in this lawsuit regarding the judge's orders issuing temporary restraints against defendants; granting preliminary relief and final injunctive relief to plaintiff; awarding compensatory damages to plaintiff; allowing plaintiff to seek additional compensatory damages upon inspection of the property for any physical damage caused by defendants; and granting plaintiff's motion to strike defendants' answer.  Rather, we limit our discussion to the sole issue appealed:  whether the lease agreement requires arbitration.

As a preliminary matter, we reject plaintiff's contention that the order denying defendants' motion to dismiss was interlocutory and therefore not appealable without leave of this court because they did not move to compel arbitration.  Although defendants did not file a motion to compel arbitration with their motion to dismiss, Judge McCloskey properly inferred defendants' motion to dismiss based on the lease agreement's arbitration provision was effectively a motion to dismiss for lack of subject matter jurisdiction under Rule 4:6-2(a).

---

[1] Unpublished opinions:  Fernandes v. Jivani, No. A-3404-16 (App. Div. Apr. 30, 2018) and Fernandes v. Jivani, No. A-3560-17 (App. Div. Jan. 8, 2020); Dismissal:  Fernandes v. Jivani, No. A-003121-19.

A-1788-22

The judge dismissed defendants' contention that the court did not have subject matter jurisdiction over plaintiff's claims, determining the lease agreement's arbitration provision was not enforceable, and then adjudicated the merits of those claims. There was nothing erroneous with the judge's issuance of an interlocutory order denying arbitration and deciding the case. See GMAC v. Pittella, 205 N.J. 572, 575 (2011) ("[A]ny order compelling or denying arbitration shall be deemed final for purposes of appeal, but that the trial court shall retain jurisdiction to address other issues pending the appeal."). Because the order denied the request to compel arbitration, it is appealable as of right under Rule 2:2-3(b)(8).

Turning to the merits, defendants argue the judge erred in not enforcing the lease agreement's arbitration provision. Based on our de novo review of the judge's denial of defendants' motion to dismiss, Int'l Bhd. of Elec. Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 223 (App. Div. 2021), we disagree.

The parties were both assignees of the lease agreement and stepped into the shoes of the original signatories. Thus, they are equally bound by its terms. See Satellite Gateway Commc'ns, Inc. v. Musi Dining Car Co., 110 N.J. 280, 287 (1988). Article 34 of the lease states tenants "waive[] all right to trial by

jury in any action or summary or other judicial proceeding hereafter instituted by [l]andlord against [them] in respect to the demised premises." Article 38 provides "[a]ny controversy arising under, out of, in connection with, or relating to this [l]ease or the breach hereof, shall be determined and settled by arbitration held in Newark, New Jersey, in accordance with the rules of the American Arbitration Association." It further sets forth the proper procedures to obtain relief through arbitration and states "[a]ny award rendered thereunder shall be final and binding upon all parties and judgment may be entered thereon in any court having jurisdiction."

Given these provisions, the judge ruled the lease did not contain a clear and unambiguous waiver of the parties' right to pursue a claim in court, as required by Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 137 (2020) (citing Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 443 (2014)). The judge reasoned:

> [T]he language of the arbitration provision . . . contains no such articulation of the difference between the civil litigation proceeding or arbitration. And, frankly, it's certainly contemplated that there would be litigation pursuant to the provisions of Article 34 if the landlord undertook action to seek possession of the premises in respect of which the tenant would waive a right to a jury trial. That's what that says in that paragraph.

A-1788-22

The judge further cited <u>Dispenziere v. Kushner Cos.</u>, where this court concluded "[a] clause depriving a citizen of access to the courts should clearly state its purpose."  438 N.J. Super. 11, 17 (App. Div. 2014) (quoting <u>Atalese</u>, 219 N.J. at 444).  In turn, the judge reasoned the arbitration provision was unenforceable because it "does not explain what arbitration is" or "indicate how arbitration is different from a proceeding in a court of law."  <u>Id.</u> at 18 (quoting <u>Atalese</u>, 219 N.J. at 446-47).  Having made this finding, the judge next determined that Article 34's waiver of jury trial rights did not sufficiently create an enforceable arbitration right encompassing the entire lease.

In addition, even if the arbitration provision was enforceable, the judge determined defendants' failure to raise it in the prior litigation seeking to enforce the lease agreement terms constituted a waiver of their arbitration rights.  In finding waiver, the judge relied upon <u>Cole v. Jersey City Med. Ctr.</u>, 215 N.J. 265, 283 (2013), where the Court reasoned:

> [The defendant] waived its right to arbitrate during the course of litigation.  [The defendant] engaged in all of the usual litigation procedures for twenty-one months and, only on the eve of trial, invoked its right to arbitrate.  Such conduct undermines the fundamental principles underlying arbitration and is strongly discouraged in our state.

A-1788-22

Defendants sat on their purported arbitration rights much longer than the defendant in Cole, not seeking to compel arbitration in three separate lawsuits. We note the first suit, Fernandes, No. A-3404-16, was filed by the previous landlord about ten years before the present action.

Finally, because defendants did not brief the argument regarding the judge's denial of their reconsideration motion, that argument is deemed waived. See 539 Absecon Blvd., L.L.C. v. Shan Enters. Ltd. P'ship, 406 N.J. Super. 242, 272 n.10 (App. Div. 2009); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2024) (noting "an issue not briefed is deemed waived"); N.J. Dep't of Env't Prot. v. Alloway Township, 438 N.J. Super. 501, 505 n.2 (App. Div. 2015). Nevertheless, the trial judge denied defendants' motion for reconsideration on the same grounds it denied their motion to dismiss, which we now affirm.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1788-22