**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0688-22

TYRONE S. HENRY, SR.,
individually and as
administrator of the Estate
of TYRONE S. HENRY, JR.,

     Plaintiffs,

and

ATLANTICARE REGIONAL
MEDICAL CENTER,

     Plaintiff/Intervenor-
     Appellant,

v.

SANTOSH S. BHOWMIK, CURE
AUTO INSURANCE, and THE
NEW JERSEY PROPERTY
LIABILITY INSURANCE
GUARANTY ASSOCIATION,

     Defendants-Respondents.

_____

Argued February 6, 2024 – Decided February 26, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-6636-14.

Matthew Richard Major argued the cause for appellant (Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys; Matthew Richard Major and Mark R. Vespole, on the briefs).

William Leon Brennan argued the cause for respondent CURE Auto Insurance (Brennan & Sponder, attorneys; William Leon Brennan, on the brief).

PER CURIAM

Plaintiff-intervenor AtlantiCare Regional Medical Center (AtlantiCare) appeals from the September 15 and October 24, 2022 Law Division orders, granting in part its motion for attorneys' fees and costs from defendant Cure Auto Insurance Guarantee Association (CURE) and awarding $22,200.12. We affirm.

I.

This matter returns before us to address the motion judge's award of attorneys' fees, pursuant to Rule 4:42-9(a)(6), after the underlying personal injury protection (PIP) benefits dispute resolved by settlement with CURE's payment of $80,000 to AtlantiCare. In our prior decision, we detailed the underlying relevant facts and procedural history regarding the automobile

2

A-0688-22

accident which resulted in Tyrone S. Henry, Jr.'s (Tyrone)[1] death, and affirmed the award of PIP benefits to plaintiff Tyrone S. Henry, Sr., his father, individually and as the administrator of the Estate.  See Henry v. Bhowmik, No. A-3331-15 (App. Div. Feb. 8, 2018) (slip op. at 1-15).  We therefore only recite the most salient facts here.

On January 31, 2014, Tyrone sustained serious injuries after an automobile driven by defendant Santosh Bhowmik struck him as he walked across an intersection in Pleasantville.  Tyrone ultimately died from his injuries on February 8, 2014, after first incurring substantial medical treatment bills at AtlantiCare. . . .  At the time of the accident, Tyrone lived in Ocean City with his cousin, Chanel Pitt, who owned an automobile that CURE insured.

On December 8, 2014, plaintiff filed a complaint in the Law Division, Atlantic County, against defendants, Bhowmik, CURE, and The New Jersey Property Liability Insurance Guaranty Association (PLIGA).  In relevant part, the complaint sought to recover PIP benefits from CURE, or alternatively, from PLIGA, for the injuries and subsequent death of Tyrone.

On January 8, 2015, PLIGA filed an answer with cross-claims denying the material allegations of the complaint.  On January 28, 2015, CURE filed an answer with counterclaims and cross-claims, denying the complaint's allegations and seeking a declaration that the CURE insurance policy at issue was void, and thus,

---

[1]  For clarity, and intending no disrespect, we refer to the decedent by his first name.

PLIGA was liable to plaintiff for PIP benefits. At that time, CURE had already filed a separate declaratory judgment action against Pitt in Cape May County in November 2014, seeking to void her insurance policy for material misrepresentations in failing to disclose all household members as of her March 2, 2012 policy renewal.

[Id. at 3-6.]

On July 6, 2015, the Estate moved before the Atlantic County judge for summary judgment, seeking PIP benefits from CURE or PLIGA, which was denied. Id. at 3. On reconsideration, the judge concluded the Estate was entitled to PIP benefits from CURE as Tyrone was an innocent third party. Id. at 5-6. On April 1, 2016, after the Estate settled its personal injury action against Bhowmik, AtlantiCare was permitted to intervene to pursue its PIP benefits claim against CURE for Tyrone's medical expenses from treatment. Id. at 6. CURE appealed the order awarding PIP benefits, which we affirmed. Id. at 2, 15. On June 15, 2018, the Supreme Court denied certification. Henry v. Bhowmik, 233 N.J. 482 (2018).

On September 10, 2020, prior to the completion of discovery, CURE filed an offer of judgment, pursuant to Rule 4:58-1, for $79,436.47. A couple months later, AtlantiCare moved for partial summary judgment as a successful claimant entitled to attorneys' fees under Rule 4:42-9(a)(6), which the motion judge

A-0688-22

granted on January 8, 2021. The judge reserved decision on the amount of the award until final adjudication of the medical bills.

On September 13, 2021, following extensive discovery regarding the usual, customary, and reasonable charges for services provided and after the matter was listed for trial, a settlement was reached. In October, AtlantiCare filed a motion to compel CURE "to reimburse AtlantiCare its reasonable attorneys' fees and costs incurred in connection with AtlantiCare's efforts to recover PIP benefits." Matthew Major, Esq., a member of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP (Wilson Elser), represented AtlantiCare. Major certified to the legal services provided to AtlantiCare between February 2016 and September 2021. Prior to his association with Wilson Elser, Major certified to representing AtlantiCare at two other law firms. Major certified "the total award for attorneys' fees and costs requested [wa]s $414,011." Major did not indicate the outstanding amount billed for legal services.

On November 22, 2021, Major filed a supplemental certification comporting with the requirements of Rule 4:42-9 and addressed the attorneys' fees paid by AtlantiCare. Major provided, "AtlantiCare has paid a grand total of $30,000 in attorneys' fees. Any amount of attorneys' fees recovered in excess of what AtlantiCare has already paid towards attorneys' fees would go to Wilson

Elser. AtlantiCare is not responsible for any additional attorneys' fees if there is no amount recovered."

On May 13, 2022, the judge heard argument and adjourned the motion for the submission of the retainer agreements and further argument. On June 17, AtlantiCare supplemented its motion with a certification from its Vice President and General Counsel (General Counsel) and included copies of the retainer agreements. General Counsel certified:

> 4. Pursuant to the agreements, AtlantiCare has paid a grand total of $30,000 in attorneys' fees. Any amount of attorneys' fees recovered in excess of what AtlantiCare has already paid towards attorneys' fees would go to Wilson Elser. AtlantiCare is not responsible for any additional attorneys' fees if there is no amount recovered.

> 5. Pursuant to the agreements, AtlantiCare has also paid all of the costs which total $16,411. AtlantiCare is solely responsible for all costs including any unpaid costs that may remain outstanding.

After argument, on September 15, the judge awarded AtlantiCare $46,411 for attorneys' fees and costs and issued a comprehensive and well-reasoned forty-eight-page written decision. The judge found the retainer agreements did not afford the possibility of an attorneys' fee recovery beyond the contracted for "capped" flat fee of $30,000. Thereafter, Major provided a letter submission clarifying the amounts AtlantiCare paid, excluding the funds attributable to the

6

appeal. On October 24, the judge issued a revised order amending the award to $6,555 for attorneys' fees and $15,645.12 in costs.

On appeal, AtlantiCare argues: "[b]y capping AtlantiCare's attorneys' fee award at $30,000[], the [judge] failed to consider the undisputed fact that AtlantiCare and Wilson Elser properly modified the retainer agreement such that Wilson Elser would be entitled to 'any amount of attorneys' fees recovered in excess of $30,000[].'" In opposition, CURE argues: the "four corners of the retainer agreements control[]"; the explicit provisions of the three retainer agreements govern and were not modified; and AtlantiCare has waived challenging the judge's finding that the fees requested were excessive and against "what the [r]ules in the case law contemplate."

## II.

"We review the trial court's award of fees and costs in accordance with a deferential standard." Hansen v. Rite Aid Corp., 253 N.J. 191, 211 (2023). "A reviewing court should not set aside an award of attorneys' fees except 'on the rarest occasions, and then only because of a clear abuse of discretion.'" Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Only when a court's determination of fees was based on "irrelevant or inappropriate factors, or

A-0688-22

amounts to a clear error in judgment," should the reviewing court intervene. See Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

A court may award counsel fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." R. 4:42-9(a)(6). Permitting reimbursement of attorneys' fees reflects "[t]he theory . . . that one covered by a policy is entitled to the full protection provided by the coverage, and that benefit should not be diluted by the insured's need to pay counsel fees in order to secure its rights under the policy." Liberty Vill. Assocs. v. W. Am. Ins. Co., 308 N.J. Super. 393, 406 (App. Div. 1998). To effect that theory, "[a] successful insured is presumptively entitled to attorney's fees and need not establish that the insurer acted in bad faith or arbitrarily in declining a claim." All State Ins. Co. v. Sabato, 380 N.J. Super. 463, 473 (App. Div. 2005). The well recognized purpose of the rule is to discourage insurance companies from unjustifiably refusing to defend or indemnify their insureds. See Myron Corp. v. Atl. Mut. Ins. Corp., 407 N.J. Super. 302, 310 (App. Div. 2009), aff'd, 203 N.J. 537 (2010).

Despite the presumption in favor of reimbursement, "the trial judge has broad discretion as to when, where, and under what circumstances counsel fees

A-0688-22

may be proper and the amount to be awarded." Iafelice ex rel. Wright v. Arpino, 319 N.J. Super. 581, 590 (App. Div. 1999). In considering an award under Rule 4:42-9(a)(6), a judge may consider the following factors:

> (1) the insurer's good faith in refusing to pay the demands; (2) excessiveness of plaintiff's demands; (3) bona fides of one or both of the parties[;] (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing substantially to the necessity for the litigation on the policies[;] (6) the general conduct of the parties[;] and (7) the totality of the circumstances.
>
> [Enright v. Lubow, 215 N.J. Super. 306, 313 (App. Div. 1987) (internal citations omitted).]

Pursuant to Rule 4:42-9(b) "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by [Rule of Professional Conduct (RPC)] 1.5(a)." A party seeking attorneys' fees must establish reasonableness under the factors. Seigelstein v. Shrewsbury Motors, Inc., 464 N.J. Super. 393, 405 (App. Div. 2020). Regardless of the source authorizing fee shifting, the same reasonableness test governs. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009). Further, "[a]ll applications for the allowance of fees shall state how much had been paid to the attorney . . . and what provision, if any, has been made for the payment of fees to the attorney in the future." R. 4:42-9(c). "[F]ee determinations are

discretionary decisions by trial courts" which "we . . . rarely disturb" absent "clear error of law." JHC Indus. Servs., LLC v. Centurion Companies, Inc., 469 N.J. Super. 306, 312 (App. Div. 2021); accord Packard Bamberger & Cos. v. Collier, 167 N.J. 427, 444 (2001).

III.

AtlantiCare was a successful claimant. AtlantiCare's argument that the judge abused his discretion by "capping AtlantiCare's attorneys' fee award at $30,000," and failing to consider that AtlantiCare's retainer agreements were modified entitling Wilson Elser to attorneys' fees in excess of the fees paid is unavailing. The judge's detailed and cogent written decision belies AtlantiCare's contention that the judge "ignored, without either explanation or rational basis, the affidavits submitted by AtlantiCare and Wilson Elser, which clearly evidence that the retainer agreement[s] w[ere] modified to allow recovery above."

The judge specifically considered and heavily quoted Major's "[s]upplemental [c]ertification in further support of" AtlantiCare's motion. The judge recited Major's certified statement that AtlantiCare "paid a grand total of $30,000 in attorneys' fees, and any amount of attorneys' fees recovered in excess of what AtlantiCare already paid towards attorneys' fees would go to Wilson

10

Elser."  Further, the judge correctly noted Major "acknowledged AtlantiCare [wa]s not responsible for any additional attorneys' fees if there [wa]s no amount recovered."  He referenced the June 2022 supplemental "later submission" of the retainer agreements provided and incorporated Major's third certification, noting "[o]n August 4, 2022, counsel updated the amount of  attorney[s' fees] and costs requested.  The final amount sought, as of August 4, 2022, was $453,116[]."  We observe Major's second supplemental certification, which the judge clearly reviewed, referenced General Counsel's June 15, 2022 certification in support of the attorneys' fee request.  Thus, AtlantiCare's argument that the judge completely "disregard[ed]" that the attorneys' fees agreement was modified, as supported by the certifications, is unavailing.

The judge's opinion demonstrates he considered the certifications of both Major and General Counsel.  The judge was unpersuaded that the agreement was altered to provide a revised fee.  The judge acknowledged precedent case law and found that although AtlantiCare's "attorneys . . .  s[ought] fees and costs above an amount [paid and] agreed to in the three non-contingent fee retainer agreements," the agreements did not "afford the possibility of any recovery beyond the amount contracted to the law firms."  The record well supports the judge's finding that the agreements were not modified to permit a greater fee

11

recovery than contractually provided. Thus, we discern no abuse of discretion. See Flagg, 171 N.J. at 571.

Indeed, an attorney may be compensated for fees in an amount greater than the fees paid by the client. However, as the judge correctly observed, in addressing whether an award may "exceed the fee payable" under a fee agreement, our Supreme Court elucidated "a prevailing party can collect reasonable counsel fees even though he is not otherwise obligated to pay them to his counsel, at least if the attorney and client understand their retainer agreement to so permit." Szczepanski v. Newcomb Med. Ctr., 141 N.J. 346, 358 (1995) (quoting Specialized Med. Sys., Inc. v. Lemmerling, 252 N.J. Super. 180, 187 (App. Div. 1991), certif. granted, 127 N.J. 565 (1992), appeal dismissed per stipulation, 142 N.J. 443 (1995)). We agree that the record does not support that AtlantiCare's agreement was altered to permit an excess fee recovery.

An award of attorneys' fees under Rule 4:42-9(a)(6) is discretionary and not mandatory. The judge, in declining to award attorneys' fees more than set forth in the agreements, considered the Enright factors, applied Rule 4:42-9 considerations, and analyzed the eight factors under RPC 1.5(a). In addressing the Enright factors regarding the insurer's good faith, the amount demanded, and the justification for the litigation, the judge reasoned: "the litigation here was

12

with regard to CURE's effort to find or obtain a reasonable amount for the hospital's reimbursement"; AtlantiCare initially demanded over $378,000 from CURE for medical bills with a PIP policy limit of $250,000; AtlantiCare settled for $80,000; the settlement was one year after CURE had filed an offer of judgment for $79,436.47; the settlement was "21% of the amount originally demanded"; and "each party pursued their respective interests in good faith."

Specifically, considering RPC 1.5(a) factors one, four, and eight, the judge found the dispute was "not a complex or novel set of circumstances" and was a "straight forward PIP matter," "the amount recovered" was relevant, and the agreement was a "flat fee arrangement in an amount found to be mutually reasonable." The judge's determination to award "the attorneys' fees and costs paid," because awarding "any higher amount, on this record . . . would be tantamount to imposing punitive damages on CURE rather than reimbursement of attorney[s'] fees," is sufficiently supported. We need not further address the judge's detailed reasoning for the fees ordered as CURE conceded at the first oral argument that the "$30,000 that AtlantiCare did pay for attorneys' fees . . . should be reimbursed."

Lastly, the judge's October 24, 2022 order revised the award to $6,555 in attorneys' fees and $15,645.12 in costs after Major clarified by letter that

$23,454 in fees and $765.88 in costs was attributable to appellate work. The judge correctly adjusted the award, as he had previously found he could not "consider or award attorney's fees for professional services conducted before the Appellate Division." See Tarr v. Bob Ciasulli's Mack Auto Mall, Inc., 390 N.J. Super. 557, 570 (App. Div. 2007) ("In the absence of a referral from the appellate court to the trial court, the trial court has no such authority to award such fees." (citing R. 2:11-4)). Having found the judge's findings were not an abuse of discretion and the revised award was commensurate with the amounts AtlantiCare paid pursuant to the retainer agreement, we discern no reason to disturb the judge's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14